**People of the State of Illinois, Plaintiff-Appellee, v. David Altman, Defendant-Appellant.**

Gen. No. 53,265.

First District, Fourth Division.

July 2, 1969.

Sidney S. Altman, of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and James S. Veldman, Assistant State's Attorneys, of counsel), for appellee.

MR. PRESIDING JUSTICE DRUCKER delivered the opinion of the court.

Defendant was charged with driving a motorcycle at an excessive rate of speed in violation of section 49, Uniform Act Regulating Traffic on Highways. After a bench trial he was found guilty, judgment was entered and a fine of $200 plus costs was imposed. In his appeal defendant raises four points: (1) the basic speed law prevails over specific statutory speed limits; (2) traveling in excess of a designated speed is not necessarily a violation of the law; it becomes so only when the basic speed law is violated; (3) the court erred in refusing to admit documentary evidence as to a mechanical limitation on the speed of defendant's vehicle; (4) the finding was contrary to the manifest weight of the evidence; and (5) the fine was excessive.

EVIDENCE

Testimony of Officer Russell Genaze:

At 7:45 p. m. on June 25, 1967, while driving his squad car, he observed defendant driving a motorcycle on Lake Shore Drive at a speed of between 80 and 85 miles per hour. He gave chase while utilizing his siren and P. A. system loudspeakers. The defendant turned off at 22nd Street, proceeded to Indiana Avenue, took Indiana Avenue to Calumet, took Calumet back to 22nd, and then again

turned onto Indiana Avenue where the officer was able to clock the defendant's speed at more than 90 miles an hour between the 2000 block and the 1500 block.

Defendant then made a left turn onto 14th Boulevard and another left into an alley behind a fire station. The officer arrested him at that location. The speed of defendant's vehicle was clocked on a calibrated Stewart-Warner speedometer. At the time of the arrest defendant said that he did not know that he was being chased.

Testimony of David Altman, defendant:

On the day in question he was driving his motorcycle when he noticed that the accelerator cable was not functioning properly, it was not releasing. He then pulled over on whatever street he was on to fix it. He had had no trouble with the accelerator sticking before.

The precise trouble was that the gas cable slipped out of the notch that connects it with the throttle. He was driving along trying to fix it; and then he pulled off to make the necessary repairs. He stopped the motorcycle by using the brakes and by reaching down and using the kill switch. He was repairing the motorcycle when the officer arrived.

He later had the motorcycle checked by a dealer. He had the receipt with him. He knows that he had gone over the speed limit when the accelerator was stuck, but it was impossible for him to have been going as fast as the officer claims because the motorcycle was geared for trail riding and hill climbing. He thought the bike would only do between 40 and 50 miles an hour but his dealer later told him it would do between 65 and 70 with that gearing. He knew he was not going 90 miles an hour but was going about 45. He did not look at his speedometer because he was too concerned with attempting to fix the accelerator cable. He was unaware of being chased by the police.

## OPINION

Defendant's first two arguments really combine into one, to wit, that in certain circumstances traveling in excess of the legal maximum speed is not a violation of the law. This contention derives from the language of section 49 of the Uniform Act Regulating Traffic on Highways (Ill Rev Stats 1967, c 95½, § 146). That section provides:

> No person shall drive any vehicle upon any public highway of this State at a speed which (1) is greater than is reasonable and proper with regard to traffic conditions and the use of the highway, or endangers the safety of any person or property; or (2) is greater than the applicable maximum speed limit established by this Section or by a regulation or ordinance made pursuant to the provisions of this Article. The fact that the speed of a vehicle does not exceed the applicable maximum speed limit does not relieve the driver from the duty to decrease speed . . . when traveling upon any narrow or winding roadway, or when special hazard exists with respect to pedestrians or other traffic or by reason of weather or highway conditions; . . . . and the duty of all persons to use due care.

Defendant argues that subsection (1), to which he refers as the "basic speed law," controls subsection (2) and is superior to it. Thus, the argument concludes, a person can exceed the applicable maximum speed limit and not be in violation of the statute if the speed attained can be shown to be reasonable and proper with regard to traffic conditions and the use of the highway and does not endanger the safety of any person or property.

An examination of the statute reveals that the "basic speed law" (subsection (1)) is a limitation on the speeds

permitted under subsection (2) and cannot be construed to allow greater speeds than the maximum set under the authority of subsection (2). That the maximum speed allowed under subsection (2) is an absolute maximum is demonstrated by three facts. First, if the "basic speed law" were superior in all situations and a reasonableness test were to prevail, then there would be no need to set out any applicable maximum speed. The "applicable maximum speed limit" is that speed which the legislative authority determined to be the maximum speed at which a vehicle should be operated; and any speed in excess of that is a violation of the statute.

Second, the statute is in disjunctive form and thus must be construed to mean that a speed in excess of either provision of the statute constitutes a violation. Thus, regardless of conditions, it is a violation of the statute to travel at a speed in excess of the applicable maximum. Third, the second sentence of the section indicates that subsection (2) sets an absolute maximum speed and describes conditions under which speed must be decreased below the applicable maximum speed.

■ Defendant's next argument starts out to be a contention that the trial judge improperly excluded certain receipts from a mechanic which would substantiate defendant's story that there was a malfunction of his motorcycle. The argument degenerates into an attack on the trial judge's conduct of the trial; and it concludes as a contention that there was prejudice against the defendant. After examining the record thoroughly we find not even the slightest hint of prejudice against the defendant. The court did not ignore the "niceties of the speeding law," rather the court seemed most capable of discerning them.

■ The defendant argues that the trial judge improperly excluded certain mechanic's receipts which he claims would show that the vehicle had a mechanical limitation on the speed which it could attain. The de-

fendant testified that the receipt would show that the bike would go between 65 and 70 miles per hour with the gearing he had. We find no prejudicial error in excluding them.

Defendant's next contention seems to be that the judgment of the trial judge was against the manifest weight of the evidence. This is not the correct test to apply in the instant case because a violation of a State of Illinois statute, not a City of Chicago ordinance, is involved. We will treat it as an argument that the defendant was not proven guilty beyond a reasonable doubt.

▇▇▇▇ We hold that defendant was proven guilty beyond a reasonable doubt. In the first place there is his own admission on the witness stand that he was exceeding the speed limit; and secondly, as the Illinois Supreme Court said in People v. Clemons, 26 Ill2d 481, at page 484, 187 NE2d 260:

> . . . [W]here a case is tried by the court without a jury, the determination of the credibility of the witnesses and the weight to be accorded their testimony is committed to the trial judge; and, unless it can be said that the court's judgment is found to rest on doubtful, improbable or unsatisfactory evidence, or clearly insufficient evidence, a reviewing court will not substitute its judgment for that of the court below even though evidence regarding material facts is conflicting and irreconcilable. (People v. West, 15 Ill2d 171.)

No reason has been advanced to justify a reversal of the judgment.

▇▇▇ Defendant finally contends, without argument or citation, that the fine was excessive. The fine levied was in the amount of $200 which was the maximum allowed under section 137 of the Uniform Act Regulating Traffic on Highways at the time of trial, and which we feel would not have been an abuse of discretion. However, the stat-

ute regulating penalties had been amended effective August 17, 1967, to raise the maximum fine from $100 to $200. Since the violation occurred on June 25, 1967, before the amendment became effective, only a maximum fine of $100 is applicable. Ill Rev Stats 1965, c 131, § 4.

The judgment is reversed and the cause remanded to the trial court with directions to enter a finding of guilty against defendant, judgment on the finding and the imposition of a fine of $100 plus costs.

Reversed and remanded with instructions.

ENGLISH and McNAMARA, JJ., concur.