(No. 36811.
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* MOSE CLEMONS *et al.,* Plaintiffs in Error.

*Opinion filed Nov. 30, 1962.—Rehearing denied Jan. 28, 1963.*

BELLOWS, BELLOWS and MAGIDSON, of Chicago, for plaintiffs in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and RUDOLPH L. JANEGA and EDWIN J. BELZ, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE HOUSE delivered the opinion of the court:

The defendants, George Young and Mose Clemons, deputy sheriffs of Cook County, were indicted in five counts for the crime of bribery. Both waived a jury, were tried before the court, found guilty, and each sentenced to the penitentiary for a term of not less than one nor more than three years.

At approximately 1:30 A.M. on October 17, 1959, five youths and a 13-year-old girl were in an automobile parked under a viaduct at 140th Street and Doty Avenue when discovered by the defendants, who, while patrolling an assigned area, were turning around on the highway. One of the male occupants fled and the other four, who were getting out of their car as the police vehicle approached, were ordered to stand behind the car along the viaduct wall. They were questioned by defendants, but were unresponsive except as to their identity.

The 13-year-old girl, who at all times remained in the car, had been baby sitting at a residence near 77th and Ingle-

side Avenue until 1 A.M. On her way home she was picked up and put in the car by one or more of the five young men and was beaten and partially disrobed by at least one of them. She was generally unresponsive when questioned by the officers.

The defendants conversed with each other outside the presence of the young people. They then told them they would let them go, but could not do it for nothing; that they should talk it over and decide what they wanted to do. One of the four men testified that he gave officer Young $20. Another testified that he was standing right next to him at the time and that he saw him give the officer two $10 bills. This testimony was substantially corroborated by the other two men, although one of them was not sure whether it was money given the officer nor in what amount or denomination. The officers then told them to get out of there and not come back. The four men then got in the car and drove to one of their homes to get some clothing for the girl. Thereafter, at the girl's request, they drove to St. George Hospital where she got out of the car.

The defendants contend the State failed to prove them guilty beyond a reasonable doubt because it failed to prove that they had a specific duty to make an arrest, and, having no specific duty to make an arrest, they could not be bribed to perform with partiality; that the acts of an officer in making an arrest without, or proposed to be made without, an absolute and specific duty may constitute extortion or malfeasance, but not bribery. We do not agree.

The essence of the crime of bribery is the giving to, and receiving or acceptance by, a public officer of something of value to influence him in the performance of his official duty, whether it be termed general or specific. Whether or not arrest would be made, the very actions and words of the officers caused the four men to believe there would be, and the officers solicited a bribe to prevent the arrest. See *People v. Patillo,* 386 Ill. 566.

While there was no testimony that defendant Clemons personally and directly solicited or received any part of the bribe, a careful examination of the entire record convinces us of Clemons's knowledge of, and participation in, the entire occurrence. Furthermore, where a case is tried by the court without a jury, the determination of the credibility of the witnesses and the weight to be accorded their testimony is committed to the trial judge; and, unless it can be said that the court's judgment is found to rest on doubtful, improbable or unsatisfactory evidence, or clearly insufficient evidence, a reviewing court will not substitute its judgment for that of the court below even though evidence regarding material facts is conflicting and irreconcilable. (*People* v. *West*, 15 Ill.2d 171.) The record in this case compels agreement with the conclusion of the trial court.

The judgment of the criminal court of Cook County is therefore affirmed.

*Judgment affirmed.*