(No. 41038, 41039 cons.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* SAM LAWRENCE NUGARA, Appellant.—THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* HAROLD SHUBMEHL, Appellant.

*Opinion filed March 28, 1968.—Rehearing denied May 27, 1968.*

WARD, J., took no part.

ANNA R. LAVIN, of Chicago, (SAMUEL V. P. BANKS, of counsel,) appointed by the court, for appellant Sam Lawrence Nugara.

ROBERT S. BAILEY and RICHARD F. LeFEVOUR, both of Oak Park, for appellant Harold Shubmehl.

JOHN J. STAMOS, State's Attorney, of Chicago, (ELMER C. KISSANE and OLIVER D. FERGUSON, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE KLUCZYNSKI delivered the opinion of the court:

Defendants, Harold Shubmehl and Sam Lawrence Nugara, were indicted and jointly tried before a jury in the circuit court of Cook County for the crimes of attempted burglary and possession of burglary tools. Shubmehl was convicted on both charges and sentenced to the penitentiary from one to five years for the former charge and from one to two years for the latter, the sentences to run concurrently. Nugara was found guilty only on the attempted burglary charge and sentenced to the penitentiary from one to five years. Both appealed and said appeals have been consolidated for consideration. Shubmehl contends that the trial court erred in admitting evidence of burglary tools seized pursuant to an unlawful search and in excluding testimony of an expert witness. He also incorporates and adopts, where applicable, all other errors raised on appeal by Nugara, to-wit: that the evidence does not sustain his conviction, that testimony and products of an illegal search of his co-defendant's automobile were used against him to his prejudice, and "that there was an unlawful restriction of cross-examination, interference

with the defense and frustration of the defense by the trial judge."

The facts were that at approximately 3:00 A.M., on November 7, 1964, Chicago police officers Wodnicki, Brooks and McCarthy, while patrolling in their unmarked car, observed the defendants standing, one in front and the other in the recessed entranceway of the Neumode Hosiery Shop at 54 West Madison Street in Chicago. Wodnicki testified that he jumped from the car as it slowed and ran to the entranceway where he saw Shubmehl facing the door of the hosiery shop with a screwdriver in his left hand, the tip of which was inserted into the part of the door where the lock cylinder had been removed. He promptly arrested Shubmehl, noticing, upon closer inspection, that there were striation marks and indentations on the casing of the cylinder lock and that although the cylinder was missing the door could not be opened until the bolt of the lock was moved. He conducted a brief search of the area around the door for the missing cylinder but failed to find it. In the meantime his fellow officers had arrested Nugara who had fled from in front of the entranceway to and down an adjacent stairway.

Both defendants were taken to Area One Burglary Unit Headquarters located at 56th and Cottage Grove. Enroute and upon arrival at the police station Wodnicki asked Shubmehl whether he had a car parked at the scene and each time Shubmehl denied having one. Wodnicki further testified, however, that he later said to Shubmehl, "You may as well tell us if you have a car, if you are driving one, because we'll find out. If the car is out on the street it will be towed, why go through the expense of having the car reclaimed. We'll take the car off the street, we'll reclaim the car and you can pick it up", and that Shubmehl then admitted having a '64 Ford with Michigan license plates parked south of Madison on Dearborn and gave him the keys. He stated that he then asked, "Do you have any-

thing in the car?" to which Shubmehl replied, "No", and that he inquired further, saying, "You don't mind if we look around the car?" and Shubmehl answered: "No, go ahead, look through the car." Thereafter, he returned to the Dearborn-Madison area, found the car, opened the trunk, and discovered a claw hammer, two screwdrivers and a pair of pliers.

These items were admitted into evidence at trial following denial of Shubmehl's motion to suppress wherein he denied giving any authorization to police officers to search his car. The remainder of the State's case consisted of the testimony of the arresting officers as well as testimony concerning the condition of the door of the hosiery shop at closing time on the evening before the arrest and the condition thereafter, and the screwdriver and bent nail files taken from Shubmehl's person upon arrest. In rebuttal, Shubmehl testified on his own behalf and, in substance, sought to offer an innocent explanation for his presence at the time and place of arrest; namely, that he had been drinking and stopped to relieve himself. He also attempted to introduce the testimony of an expert witness, a locksmith, concerning the possibility of removing the cylinder lock from the door with the aforementioned screwdriver and nail files but the court sustained the State's objection thereto.

In support of his contention that the burglary tools found in the trunk of his car should have been suppressed, Shubmehl argues that the search which uncovered these items was unlawful because it was not incident to his arrest, citing *Preston* v. *United States*, 376 U.S. 364, 11 L. Ed. 2d 777, 84 S. Ct. 881, nor knowingly consented to by him. We need not go beyond the first of these arguments to determine that the ultimate contention of error is unfounded and that the search was reasonable and not in violation of Schubmehl's rights. In the recent cases of *People* v. *Brown*, 38 Ill.2d 353, and *People* v. *Jones*, 38 Ill.2d 427, we considered the scope of *Preston* and similar cases in the

light of *Cooper* v. *California,* 386 U.S. 58, 17 L. Ed. 2d
730, 87 S. Ct. 788, wherein a search of the glove compart-
ment of an automobile which had been impounded by the
police was upheld despite the fact that the search occurred
one week after the defendant had been arrested for a nar-
cotics violation. On the strength of *Cooper* we felt free to
consider the lawfulness of a search of an automobile even
though it occurred after the owner was arrested and taken
into custody, factors which a majority of this court, under
the compulsion of *Preston,* had considered as invalidating
the search *per se.* (See *People* v. *Lewis,* 34 Ill.2d 211, 215.)
Accordingly, in *Brown* and *Jones* we proceeded to examine
all the facts surrounding the arrest and search in making
our determination of its legality. 38 Ill.2d at 358; at 431.

Using this same approach here, we note that Shubmehl's
car was parked in the immediate proximity of the hosiery
shop and had admittedly been used to transport him and
his burglary tools to that location. Thus, in the instant case,
as in *Cooper,* there is a close connection between the reason
the defendant was arrested, *i.e.* attempted burglary of the
shop, possession of burglary tools, and the reason his car
was impounded and searched, *i.e.* to find additional tools
or the missing lock cylinder. In view of these facts, we
find that the search of Shubmehl's automobile was reason-
able, notwithstanding the time which elapsed between his
arrest and the search. Therefore, the admission of the seized
items at trial was proper.

With respect to the court's exclusion of the testimony
of Shubmehl's expert witness, it must be noted that the
prosecution's case consisted primarily of the arresting of-
ficer's testimony concerning his observation of Shubmehl
holding a screwdriver in his left hand, the point of which
was inserted in the part of the door from which the lock
cylinder had been removed. These facts alone are all that
need be shown as proof of the crime of attempted burglary,
an overt act implying an attempt to unlawfully enter a

building containing personal property. (*People* v. *Johnson,* 28 Ill.2d 441.) The lock cylinder was never found and the State never sought to establish that defendants were responsible for its removal. Therefore, expert testimony relative to the difficulty involved in removing the cylinder was not relevant to the proof of the crime charged and was properly excluded.

We turn now to the allegation of error relating solely to Nugara's appeal, that the evidence was insufficient to sustain his conviction for attempted burglary. The general rule in cases of this type is that "While mere presence and negative acquiescence is not sufficient to constitute a person a principal to a crime, one may aid and abet without actively participating in the overt act, and if the proof shows he was present at the crime without disapproving or opposing it, the trier of fact may competently consider this conduct with other circumstances and thereby reach a conclusion that such person assented to the commission of the criminal act, lent his countenance and approval and was thereby aiding and abetting the crime." (*People* v. *Clark,* 30 Ill.2d 67, at 72; see also, *People* v. *Cole,* 30 Ill.2d 375; *People* v. *Washington,* 26 Ill.2d 207; *People* v. *Kolep,* 29 Ill.2d 116; *People* v. *Smith,* 391 Ill. 172.) Here, there was substantial evidence showing that Nugara was present at approximately 3:00 A.M. in the entranceway of the hosiery shop while his companion, in whose company he had been for several hours, attempted to burglarize it and that, upon discovery by the police, he then tried to flee the scene. In view of this evidence, it was quite reasonable for the jury to find that Nugara aided and abetted the criminal act of attempted burglary, and that finding will therefore not be disturbed on review.

Finally, the defendants, citing particular instances, allege that the court erroneously restricted cross-examination by Nugara's counsel. "As a general rule the latitude to be allowed in cross-examination of witnesses rests largely in

the discretion of the trial court. Such cross-examination should be kept within fair and reasonable limits, and it is only in a case of clear abuse of such discretion, resulting in manifest prejudice to the defendant, that a reviewing court will interfere. [Citations.]" (*People* v. *Halteman,* 10 Ill.2d 74, 86.) We will not set out the text of the colloquies wherein the court restricted Nugara's counsel since these quotations would unduly lengthen this opinion. Suffice it to say that we have examined the record, viewed the restrictions in the context in which they were made and find that no "manifest prejudice" was done the defendants by the trial court.

More specifically, we find no merit in defendants' claim that the trial court, by restricting the cross-examination of Shubmehl as to the number of drinks he had prior to his arrest, improperly foreclosed the defense of intoxication. The context within which the restriction occurred is most relevant to our ruling on its propriety. In substance, Shubmehl testified on direct that he and Nugara had been drinking in a number of taverns that evening, that he had weak kidneys and thus stopped in the recessed entranceway of the hosiery shop to relieve himself. Both on direct and cross-examination (by Nugara's counsel) the court sustained objections to questions concerning the number of drinks he and Nugara consumed on the evening in question, stating that intoxication was no defense to the crime charged. While this latter statement of law is incorrect, since by statute (Ill. Rev. Stat. 1963, chap. 38, par. 6—3) intoxication would be a valid defense to attempted burglary, it being a specific intent offense (see Ill. Rev. Stat. 1963, chap. 38, par. 8—4), the court's ruling did not operate to foreclose the defense of intoxication for the simple reason that neither defendant sought to raise that defense. The object of Shubmehl's testimony was to explain his presence at the scene of the arrest, not to establish a lack of mental state to commit the crime charged. Similarly, Nugara's only

reference to drinking consisted of his counsel's attempted cross-examination of Shubmehl which cannot be equated with meeting the statutory prerequisite to presenting an affirmative defense of coming forward with evidence. (See Ill. Rev. Stat. 1963, chap. 38, par. 3—2.) No offer of proof concerning intoxication was ever made; thus, defendants waived this defense at trial and may not now, for the first time, raise it on appeal.

For the foregoing reasons, the judgments of the circuit court of Cook County are affirmed.

*Judgments affirmed.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.