THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
STANLEY TYLER, Defendant-Appellant.

Fourth District   No. 14905

Opinion filed December 22, 1978.

GREEN, J., dissenting.

Richard J. Wilson and Daniel D. Yuhas, both of State Appellate Defender's Office, of Springfield, and Janet Sinder, law student, for appellant.

Thomas J. Fahey, State's Attorney, of Danville (Robert C. Perry, of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

The defendant, Stanley Tyler, was charged by information filed in

the circuit court of Vermilion County with rape (Ill. Rev. Stat. 1975, ch. 38, par. 11—1) and armed robbery (Ill. Rev. Stat. 1975, ch. 38, par. 18—2). Following a bench trial, he was found guilty of rape and one count of armed robbery and acquitted of a second count of armed robbery. The defendant was sentenced to concurrent terms of 8 to 16 years' imprisonment.

At the trial, Kevin Taylor testified that he, the defendant, and codefendant Johnny Wilson, met at approximately 4 p.m. on September 28, 1977. The three did not discuss any plans but proceeded to obtain a shotgun and a rifle, three stocking masks, and gloves before driving to the home of the complaining witness. The defendant and Wilson took the complaining witness into the house at gunpoint and Taylor remained in the yard. When Taylor entered the house the defendant was in the front room with the rifle, and Wilson, who was carrying the shotgun, was in the bedroom with the complaining witness. When the three left the house, Wilson gave each of them $5.

The complaining witness testified that the man carrying the shotgun picked up her purse and went through it looking for money. She completed her testimony by describing the sexual assault made upon her by the man carrying the shotgun.

In this appeal, the defendant asserts that although he and Wilson were tried separately, he is entitled to a new trial because a per se conflict of interest arose when the same attorney represented both of them.

In some cases the circumstances surrounding an attorney's representation of two codefendants has been so conflicting as to invoke the per se conflict of interest rule. In *People v. Ware* (1968), 39 Ill. 2d 66, 233 N.E.2d 421, and *People v. Johnson* (1970), 46 Ill. 2d 266, 265 N.E.2d 869, the court concluded that the defendant had been denied effective assistance of counsel where a guilty plea or a grant of immunity followed by testimony on behalf of the State against a codefendant was shown.

A closely analogous situation is found in *People v. Reed* (1977), 51 Ill. App. 3d 479, 366 N.E.2d 1137. In *Reed*, three codefendants were tried separately for an armed robbery but each was represented by the public defender. Two of the codefendants raised alibi defenses. Reed testified in his own trial that although he was present during the armed robbery by his codefendants, he was not a willing participant in the robbery.

In *Reed*, we held that there was no per se conflict of interest and to otherwise establish the denial of effective assistance of counsel the defendant must establish actual prejudice resulting from representation by the same counsel as his codefendant. The alleged prejudice in *Reed* was that the attorney could not call his other clients to testify at the defendant's trial. We found the alleged prejudice to be speculative and refused to grant the defendant a new trial on the basis of conflict of

interest because the defendant had not met the test of showing actual prejudice.

■■ So too in this case, the defendant alleges as actual prejudice that his attorney could not call Wilson to testify at his trial. It is not apparent from the record that the failure to call Wilson as a witness resulted in prejudice to the defendant. The defendant in his trial did not testify and tried to refute the State's case rather than asserting a defense. Wilson testified at his own trial and denied any involvement by asserting an alibi defense. We can only assume that had he been called to testify at the defendant's trial, Wilson's testimony would have been substantially the same as his testimony at his own trial and would not have exculpated or inculpated the defendant. We cannot conclude that the result in the defendant's trial would have been different had he been represented by different counsel.

The defendant's conviction for rape is based upon an accountability theory since, by his own statement given to a police officer and the testimony of Kevin Taylor, only Wilson was physically involved in the rape of the complaining witness. Although the complaining witness was unable to specifically identify her attacker, she did note that he carried a shotgun, which from the other evidence implicates Wilson.

The defendant asserts that the conviction must be reversed because the State has not proved his intent to facilitate the rape as required by the complicity statute (Ill. Rev. Stat. 1975, ch. 38, par. 5—2(c)).

■■ A defendant may be accountable for criminal acts and furtherance of a common purpose of the group (*People v. Allen* (1974), 56 Ill. 2d 536, 309 N.E.2d 544, *cert. denied* (1974), 419 U.S. 865, 42 L. Ed. 2d 102, 95 S. Ct. 120); or, a defendant may be accountable for acts not committed pursuant to a preconceived plan if the evidence shows involvement by the defendant in spontaneous acts of the group (*People v. Richardson* (1965), 32 Ill. 2d 472, 207 N.E.2d 478, *cert. denied* (1966), 384 U.S. 1021, 16 L. Ed. 2d 1023, 86 S. Ct. 1935). But, mere presence, knowledge that a crime is being committed, and negative acquiescence, although relevant, are insufficient to prove guilt. *People v. Bowman* (1971), 132 Ill. App. 2d 744, 270 N.E.2d 285.

■■ Here, although the group was clearly bent on illegal activities, there is no evidence tending to show that the rape was part of a common plan. It appears that the rape was a spontaneous act on the part of Wilson in which the defendant was not involved although he was present and had knowledge of it during or after its commission. The evidence is not sufficient to prove beyond a reasonable doubt that the defendant intended to promote or facilitate the rape. *People v. Tillman* (1971), 130 Ill. App. 2d 743, 265 N.E.2d 904.

The State urges that from the facts of this case it can be inferred that the defendant was serving as a "lookout" because of his armed presence

in the front room of the house during the commission of the rape. From that inference, the State would have us further infer that the defendant had the specific intent to promote or facilitate the rape. We conclude that compounding inferences from circumstantial evidence to prove a defendant accountable for the criminal acts of another is sufficient to create a reasonable doubt.

Because we reverse the defendant's conviction for rape, we vacate the sentence for armed robbery and remand this case to the trial court for resentencing. It is clear from his comments that the trial judge was concerned about the defendant's lack of initiative and responsibility, that the defendant had time to consider his involvement and that he entered the residence of a defenseless person with a loaded weapon in addition to the circumstances surrounding the rape committed by his codefendant. It is not clear, however, whether the court may have considered the rape conviction now being vacated as an aggravating factor of the offense of armed robbery.

Affirmed in part, reversed in part, and remanded for resentencing.

REARDON, P. J., concurs.

Mr. JUSTICE GREEN, dissenting:
I dissent.

From the officer's testimony that the defendant admitted hearing moaning and groaning coming from the bedroom, the trier of fact could have believed defendant knew a rape was taking place there. At the time, defendant was undisputedly in the front room and holding a gun. The inference that defendant was serving as a lookout arises not only from his presence there but also from Taylor's testimony that defendant observed a car approach the house and gave warning. The warning was as much an aid and abetment to the rape as it was to the armed robbery and was more than a negative acquiescence in the rape.

I do not agree that for the court to have found defendant guilty of the rape requires a compounding of inferences that creates a reasonable doubt as a matter of law. I believe that the court could have properly determined beyond a reasonable doubt that defendant intended to facilitate the rape as well as the armed robbery, when, after learning that the rape was taking place, he remained armed and in the front room, observed what was taking place outside the house, found that a car was approaching the house and gave a warning.

I would affirm all judgments appealed.