THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LEONARD IVY, Defendant-Appellant.

First District (2nd Division)    No. 77-1917

Opinion filed January 9, 1979.

Stephen J. Broussard, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger and Bryan B. Lavine, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE DOWNING delivered the opinion of the court:

Following a bench trial in the circuit court of Cook County defendant, Leonard Ivy, was convicted of attempt murder, armed robbery and aggravated battery. (Ill. Rev. Stat. 1975, ch. 38, pars. 8—4, 18—2, and 12—4.) The trial court imposed concurrent 5- to 10-year sentences in the penitentiary for attempt murder and armed robbery; no sentence was imposed for aggravated battery. On appeal defendant contends that he was not proved guilty beyond a reasonable doubt.

The victim, Gregory Heine, was standing alone on a train platform in Chicago about 10:45 p.m. on May 1, 1976. Defendant approached the victim and asked for a match which the victim gave him. The victim asked defendant about what train route serviced the station, but defendant was unable to assist him. Defendant then joined his companions, Willie Crisp and Joe Valentine, who had been standing several feet away. The three men spoke but the victim could not discern the content of their conversation. Defendant and his companions then walked up the station ramp which led to the street-level entrance to the station. The victim did not see defendant from this time until the police later arrested him.

The victim also began to walk toward the ramp when he met a co-

employee who was walking toward the train platform. They spoke for several minutes before the victim walked up the ramp to the street-level station entrance. There Crisp approached him and asked for a cigarette. Crisp then demanded the victim's money and produced a gun which he placed near the victim's face. Valentine approached and took the victim's watch. At this time Crisp shot the victim in the mouth, and the two assailants fled.

The victim also exited the station where he was assisted by several policemen. They entered a police car and pursued another vehicle which was subsequently halted. The automobile contained a woman, defendant, Crisp, and Valentine, who were arrested. The victim was then taken to the hospital.

Chicago Police Officer Joseph McMahon was on routine patrol with two other officers in an unmarked police car. Officer McMahon testified that he observed defendant running from the train station; Crisp and Valentine were running about ten feet behind defendant. The three men entered a nearby car which was driven by a woman who opened the door to facilitate their entrance. At this time the victim emerged from the station; he was bleeding from his face. The victim got into the police car, and they pursued the vehicle which the three men had entered. The police activated their Mars light and siren as the vehicle they were following began to drive slowly away. Officer McMahon could see defendant in the rear seat as he turned back to look at the police car. Another person seated in the front passenger side of the car tossed a rectangular object and a handgun from the slowly moving car before the car stopped. When the police returned to the area after effecting the arrests, a .25 caliber automatic pistol was found in a grassy area.

Defendant did not testify. At the conclusion of closing arguments the trial court reiterated the evidence and found defendant guilty based on a theory of accountability for the conduct of Crisp and Valentine. (Ill. Rev. Stat. 1975, ch. 38, par. 5—2.) The trial court predicated its conclusion on the fact that defendant was running ahead of Crisp and Valentine from the train station after commission of the offenses and defendant entered the vehicle with them.

## I.

■■ The principles of accountability were explained in *People v. Owens* (4th Dist. 1975), 32 Ill. App. 3d 893, 895, 337 N.E.2d 60:

"In order to convict a person under accountability principles, the State must prove (1) that defendant 'solicited, aided, abetted, agreed or attempted to aid another person in the planning or commission of the offenses; (2) that this participation must have taken place either before or during the commission of the offenses;

and (3) that it must have been with the concurrent, specific intent to promote or facilitate the commission of the offenses.' (*People v. Tillman*, 130 Ill. App. 2d 743, 749-750, 265 N.E.2d 904, 909.) Presence at the scene is not culpable and knowledge that the crime is being committed is not such an affirmative act as to constitute aiding or abetting. *People v. Ramirez*, 93 Ill. App. 2d 404, 236 N.E.2d 284."

One may aid and abet without actively participating in the offense (*People v. McConnell* (1st Dist. 1977), 48 Ill. App. 3d 355, 361, 362 N.E.2d 1280), and one may be held accountable if he attaches himself to a group which commits an unlawful act to which it appears all assented (*People v. Bolden* (1st Dist. 1978), 59 Ill. App. 3d 441, 449, 375 N.E.2d 898). But flight from the scene of a criminal act does not of itself prove guilt, although, if such action appears motivated by avoidance of capture, it may be a factor considered with other evidence tending to show guilt. (*People v. Lofton* (1st Dist. 1965), 64 Ill. App. 2d 238, 244, 212 N.E.2d 705.) Applying these principles to the present case we conclude that quantum of proof is not presented which would establish defendant's guilt beyond a reasonable doubt.

The State argues that the totality of the circumstances show defendant's accountability for the actions of Crisp and Valentine. The State maintains that defendant's conversation with the victim on the train platform and defendant's subsequent conversation with Crisp and Valentine on the platform suggest that defendant learned the victim was confused as to his location and then plotted the robbery with his accomplices. However, it would seem unlikely that defendant and his companions would then leave the victim on the platform and walk up the ramp into the station area without an indication that the victim would follow. Additionally, several minutes elapsed before the victim, who had just spoken to a co-employee arriving at the train platform, did in fact enter the station area. These circumstances tend to refute the State's suggestion that defendant and his companions formulated a plan to rob the victim while they were on the train platform.

The State also contends that defendant acted as a lookout as shown by Officer McMahon's testimony that he saw defendant run from the station to a nearby car with Crisp and Valentine a short distance behind. The evidence, however, does not support this conclusion. There was no testimony that defendant was furtively looking about the area when the offenses were being committed as occurred in *People v. Canino* (1941), 376 Ill. 640, 35 N.E.2d 76, where police observed the defendant glancing about the area while he stood outside a tavern which was being robbed before fleeing in a car with the perpetrators. (See also *People v. Chancy* (1st Dist. 1975), 25 Ill. App. 3d 764, 324 N.E.2d 16 (abstract).) Rather the

evidence presented merely indicates that defendant was in the station. There is no evidence as to his exact whereabouts or actions at that time or as to his knowledge that the offenses were actually committed until the shot was fired and defendant fled. The record does not establish that defendant functioned as a lookout during commission of the offenses.

Moreover, the record does not demonstrate that defendant was aware that the offenses, which seem to have been rapidly committed after Crisp approached the victim, were to even occur, and that he could have disapproved or opposed the actions of Crisp and Valentine had he, in fact, seen the events which transpired. (Compare *People v. Tate* (1976), 63 Ill. 2d 105, 345 N.E.2d 480; *People v. Marx* (1919), 291 Ill. 40, 125 N.E. 719.) Nor does it appear that defendant shared in the proceeds of the armed robbery. See *People v. Morgan* (1977), 67 Ill. 2d 1, 364 N.E.2d 56.

The State indicates that defendant was accountable because a predetermined escape plan was devised after the offenses were committed when defendant and his companions were able to enter a nearby parked car driven by a woman. Such circumstantial evidence presents an unfavorable factor concerning defendant's claim that he was not proved guilty beyond a reasonable doubt. But we believe that it is not sufficient in itself to sustain the State's substantial evidentiary burden to show that defendant was accountable. See *People v. Daniels* (1st Dist. 1978), 67 Ill. App. 3d 663, 384 N.E.2d 932; *People v. Tyler* (1978), 66 Ill. App. 3d 1017, 383 N.E.2d 1009.

■■ The factual determinations of the trier of fact are to be afforded substantial consideration. But, when the record does not support those determinations, a court of review must reverse. (*People v. Patterson* (1972), 52 Ill. 2d 421, 424, 288 N.E.2d 403.) Examination of the record creates a strong suspicion that defendant may have been connected with the offenses, but this does not establish his guilt beyond a reasonable doubt.

The judgment of the circuit court of Cook County is reversed.

Reversed.

PERLIN and HARTMAN, JJ., concur.