THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
DERRICK DANDRIDGE, Defendant-Appellant.

First District (3rd Division)    No. 78-2071

Opinion filed December 19, 1979.

694

James J. Doherty, Public Defender, of Chicago (Timothy D. Murphy, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr and Wesley H. H. Ching, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

A jury found defendant, Derrick Dandridge, guilty of the armed robbery and murder of Frank Clark. At a subsequent hearing, the trial court, without objection by the State, entered judgment notwithstanding the verdict as to the murder and acquitted defendant of that charge. The court entered judgment on the armed robbery verdict and sentenced defendant to 7 to 14 years. Defendant contends on appeal that he was not proved guilty of armed robbery beyond a reasonable doubt; that the judgment of acquittal for murder is inconsistent with the judgment of guilty on the armed robbery and mandates a reversal of the latter conviction; and that he was denied a fair trial by the introduction of certain improper evidence and by the refusal of the court to give a jury instruction proffered by defendant. The evidence at trial regarding the occurrence stemmed principally from a statement given to the police by defendant and by defendant's trial testimony.

On December 9, 1976, at approximately 6 p.m., defendant and Arthur "Cowboy" Milian visited Frances Brown, defendant's girlfriend, at her home in Chicago. Several people, including decedent, were present, and the group drank wine and popped pills. Defendant became intoxicated. At that time, defendant rejected Milian's suggestion that they rob decedent. Decedent then fell asleep.

A few hours later, defendant, who was no longer intoxicated, was awakened by Milian. The latter said, "Let's go," and the pair left with the decedent. Milian led them through an alley and walked into a gangway between garages. Defendant stayed in the alley about four to five feet from Milian and decedent. Milian pulled out a sawed-off shotgun and announced a stick-up. Decedent surrendered some money and marijuana. Looking for more money, Milian ordered decedent to remove his shoes. Decedent stated that he had some change and asked if he could keep it. Milian replied that decedent might not need the money. Defendant told

Milian he should let the decedent go. When Milian refused, defendant turned to walk away, and Milian shot decedent in the face.

In his statement to the police, defendant said that the decedent was killed while his shoes were being removed. At trial, defendant testified he heard the shot but did not see it. Defendant and Milian fled to Brown's home where Milian stated what he had done. Defendant said that he did not know why Milian had shot decedent. Defendant, Brown and Milian then departed for defendant's home, but en route stopped to buy wine. In defendant's basement, Milian stopped defendant from calling the police. Brown and defendant went upstairs to the first-floor apartment where defendant fell asleep in Brown's lap.

Police officers arrived and arrested defendant the next morning. The police officers recovered the sawed-off shotgun from under the mattress in the bedroom of Brown's home.

Defendant initially contends that he was not proved guilty of armed robbery beyond a reasonable doubt. He maintains that he cannot be held accountable for Milian's conduct because the evidence showed only that defendant was present when the robbery was committed and he did not join in its commission.

■■ ■ In order to establish accountability, the State must prove that the accused solicited, aided, abetted, agreed or attempted to aid another person in the planning or commission of the offense, that such participation occurred either before or during the commission of the offense, and that such participation was with the intent to promote or facilitate the commission of the offense. (See Ill. Rev. Stat. 1975, ch. 38, par. 5—2(c); *People v. Ivy* (1979), 68 Ill. App. 3d 402, 386 N.E.2d 323; *People v. Owens* (1975), 32 Ill. App. 3d 893, 337 N.E.2d 60.) Mere presence at the scene of the crime or negative acquiescence in another's action is insufficient to establish accountability. (*People v. Nugara* (1968), 39 Ill. 2d 482, 236 N.E.2d 693; *People v. Cole* (1977), 50 Ill. App. 3d 133, 365 N.E.2d 133.) One may aid and abet, however, without actively participating in the overt act. (*People v. McConnell* (1977), 48 Ill. App. 3d 355, 362 N.E.2d 1280.) Proof that defendant was present during the commission of a crime without disapproving or opposing the commission of a crime, a continued close affiliation with a co-defendant after the commission of a crime and a defendant's failure to report the offenses are all factors which may be considered in establishing accountability. *People v. Lopez* (1979), 72 Ill. App. 3d 713, 391 N.E.2d 105.

■ In the present case, the evidence demonstrated substantially more than defendant's presence and negative acquiescence in the commission of the armed robbery. Although defendant, while intoxicated, rejected Milian's invitation to rob the decedent, defendant later accompanied the

two men while well aware of Milian's predisposition to commit the robbery. Defendant traveled through an alley before Milian and the decedent entered the gangway. The fact that defendant did not enter the gangway indicates that he was aware of Milian's planned actions against the decedent, and also supports an inference that defendant was acting as a lookout. Defendant was present during the commission of the offense and remained silent throughout the robbery. He registered disapproval only when Milian made known his further intention to shoot decedent. Defendant subsequently fled with Milian and remained with him for a considerable amount of time. While defendant testified that Milian prevented him from telephoning the police once, there was no explanation as to why defendant did not report the crime after Brown and he went to the first floor apartment without Milian. Under all the circumstances, defendant properly was found accountable and was proved guilty of armed robbery beyond a reasonable doubt.

Defendant next contends that the trial court, in granting his motion for judgment notwithstanding the verdict on the murder count while denying such a motion on armed robbery, entered legally inconsistent judgments which require reversal of the armed robbery conviction.

■■ ■ While a motion for judgment notwithstanding the verdict ordinarily is confined to civil actions, both parties acknowledge that such a motion has been recognized in criminal proceedings. (*People v. Wareberg* (1976), 44 Ill. App. 3d 78, 358 N.E.2d 54.) Logically or legally consistent jury verdicts are not required. (*People v. Dawson* (1975), 60 Ill. 2d 278, 326 N.E.2d 755; *People v. Jimerson* (1979), 69 Ill. App. 3d 403, 388 N.E.2d 10.) This principle, however, is based upon the jury's traditional power of lenity, and thus is distinguishable from the present case involving judgments of the court. Nevertheless, no legal inconsistency exists in judgments of acquittal and conviction on charges arising out of the same occurrence where the crimes with which an accused is charged are composed of different essential elements or where the evidence presented as to the separate crimes is not identical. (*People v. Clerk* (1979), 68 Ill. App. 3d 1021, 386 N.E.2d 630; *People v. Tolbert* (1978), 62 Ill. App. 3d 71, 379 N.E.2d 21.) In the present case, defendant's presence at the scene of the armed robbery, his failure to oppose and disapprove of the armed robbery along with his subsequent acts all tended to demonstrate that defendant was accountable for the armed robbery. Defendant first registered an objection to Milian after the robbery had been completed when he asked Milian not to shoot the decedent. The evidence in support of the murder conviction was substantially weaker than that offered in support of the armed robbery charge. The trial court's grant of judgment *n.o.v.* as to murder does not mandate a reversal of the judgment of guilt as to the armed robbery.

Defendant also contends that he was denied a fair trial when the State presented as evidence the existence of Milian's statement made to an assistant State's Attorney during preliminary questioning. The prosecutor who took defendant's written statement testified that prior to obtaining that statement he told defendant about an oral statement Milian had given. The State did not introduce the contents of any statement made by Milian.

■■ Relying on *Bruton v. United States* (1968), 391 U.S. 123, 20 L. Ed. 2d 476, 88 S. Ct. 1620, defendant argues that the testimony plainly implied to the jury that Milian stated that defendant had participated in the crimes. In *Bruton*, the court held that introduction of incriminating, extrajudicial statements of co-defendant's confession to a third party was improper because they violated the accused's right to cross-examination. The present case is not a *Bruton* situation; Milian's statement was not introduced into evidence nor did the testimony inculpate defendant. Moreover, even if we were to believe that the jury inferred from the testimony of the assistant State's Attorney that defendant had robbed and killed the decedent, we conclude that the jury is not required to disregard inferences which may be drawn from the evidence. *People v. Kelley* (1963), 29 Ill. 2d 53, 193 N.E.2d 21; *People v. Bates* (1975), 25 Ill. App. 3d 748, 324 N.E.2d 88.

■■ We find no merit in defendant's final contention that the trial court committed reversible error in refusing to give to the jury his tendered, non-IPI instruction on mere presence. The trial court gave the jury Illinois Pattern Jury Instruction, Criminal, No. 5.03 (1968), which properly advised the jury as to the law on accountability. In *People v. Walker* (1976), 44 Ill. App. 3d 494, 358 N.E.2d 672, the court held that defendant's tendered instruction on mere presence, being insufficient to establish accountability, was properly refused where the essence of defendant's tendered instruction was included in the instructions given. The instructions given in *Walker* were given in the present case.

For the reasons given, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

SIMON, P. J., and RIZZI, J., concur.