THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES WATSON, Defendant-Appellant.

First District (4th Division)    No. 81-985

Opinion filed April 22, 1982.

James J. Doherty, Public Defender, of Chicago (Thomas W. Murphy, Assistant Public Defender, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat and Casimir J. Bartnik, Assistant State's Attorneys, of counsel), for the People.

JUSTICE LINN delivered the opinion of the court:

Following a bench trial, defendant was found guilty of armed robbery (Ill. Rev. Stat. 1979, ch. 38, par. 18—2). He was sentenced to 6 years in prison. On appeal, defendant contends that he was not proved guilty beyond a reasonable doubt.

At trial it was stipulated that on July 22, 1980, at approximately 4:30 a.m., while Rachel Ramos and Dolores Haltquist were waiting for a bus, Kenneth Barnes jumped out of a tan station wagon and, at gunpoint, robbed Mrs. Ramos of her purse containing $15 and identification cards.[1] Barnes then told her to run, at which time he fired a shot; then he returned to the station wagon.

Chicago police officer Raymond Howe testified that pursuant to a radio message of a robbery he stopped the tan station wagon in which defendant and Barnes were riding. The officer searched them and found a 20-gauge shotgun and a .38-caliber revolver in the station wagon. At the police station defendant told him that he and Barnes had been robbed by some gang members earlier, so they went to defendant's house and got his father's guns. Defendant drove and at 110th and Western Avenue, Barnes said, "Let's get them." Defendant pulled over, Barnes got out of the car carrying a revolver, then returned shortly with a purse. On cross-examination, Officer Howe admitted that his report of the incident did not contain the interview with defendant.

Defendant testified that he and Barnes were leaving a fast-food franchise at 105th and Halsted Streets at 1 a.m. when Barnes was robbed by gang members. They then went to defendant's house, took his father's guns, and drove around the neighborhood looking for their robbers. They saw them at 103rd and the expressway but kept driving. At about 111th and Western Avenue, Barnes told defendant to pull over, which he did. Barnes then jumped out of the car. Defendant did not see a gun in Barnes' hand, and Barnes did not indicate that he was going to rob Ramos or Haltquist. Defendant saw Barnes pull out his father's revolver as he approached the women. Defendant testified he did not know whether to run since it was his father's gun. Barnes took the purse, returned to the car, rummaged through the purse, then threw it out the window. Defendant started driving but was pulled over by the police shortly thereafter. He did not try to flee. He told the police at the station that he had not wanted and had not played any part in the robbery.

Defendant contends that he was not proved guilty of armed robbery beyond a reasonable doubt based on accountability. He maintains that he

---

[1] Kenneth Barnes pleaded guilty in a separate proceeding.

was not aware of Barnes' intent to rob Mrs. Ramos and that no evidence was presented to show that he assisted Barnes. Furthermore, defendant points to the trial court's comments as reservations about his guilt.

■■ Section 5—2(c) of the Criminal Code of 1961 provides that a person is legally accountable for the conduct of another when:

> "(c) Either before or during the commission of an offense, and with the intent to promote or facilitate such commission, he solicits, aids, abets, agrees or attempts to aid, such other person in the planning or commission of the offense." (Ill. Rev. Stat. 1979, ch. 38, par. 5—2(c).)

Mere presence at the scene of the crime or negative acquiescence in another's action is insufficient to establish accountability. (*People v. Nugara* (1968), 39 Ill. 2d 482, 487, 236 N.E.2d 693.) One may aid and abet, however, without actively participating in the overt act. (*People v. Dandridge* (1979), 79 Ill. App. 3d 693, 695, 398 N.E.2d 955.) Defendant's presence during commission of a crime without disapproving or opposing the commission of the crime, a continued close affiliation with the co-defendant after the commission of the crime, and his failure to report the incident or confide in anyone about it are all factors which may be considered in establishing accountability. *People v. Lopez* (1979), 72 Ill. App. 3d 713, 716, 391 N.E.2d 105.

■■ In the instant case, defendant's contention in his brief that whether Barnes said "Let's get them" is immaterial. It is undisputed that defendant pulled the car over to the curb, that Barnes got out, and that defendant saw him point a gun at Mrs. Ramos, take her purse, and return to the car with the purse. Defendant did nothing to dissuade Barnes from taking Mrs. Ramos' purse nor did he drive away without Barnes to look for police. Instead, he drove Barnes away from the scene of the crime. In spite of defendant's acquiescence to the police stop and his statement to the police that he did not know what to do because Barnes used his father's gun to commit the robbery, there was sufficient evidence for the trier of fact to reach the conclusion that defendant assented to the commission of the crime, lent to it his countenance and approval, and thereby aided and abetted the crime. See generally *People v. Morgan* (1977), 67 Ill. 2d 1, 364 N.E.2d 56.

Moreover, the trial court's comments, which defendant contends showed reservations about his guilt, actually showed reservations about defendant's punishment. Despite the fact that defendant had no prior criminal record, had supportive parents, and was only 17 years old, the court was mandated by the legislature to sentence defendant to a minimum of 6 years in prison if he was found guilty of armed robbery. As to guilt, the trial court stated that certain factual matters were confirmed by defendant's testimony himself and the case was "prima facie" and

"iron-clad" unless defendant had an explanation. The trial court weighed defendant's testimony about the gang robbery and Officer Howe's testimony that defendant knew Barnes' intention. The court found defendant's explanation unacceptable in view of the other testimony in the case. The credibility of a witness and the weight to be given his testimony are to be determined by the trier of fact. (*People v. Manion* (1977), 67 Ill. 2d 564, 578, 367 N.E.2d 1313.) A reviewing court will not reverse a criminal conviction unless the evidence is such as to raise a reasonable doubt of guilt. (*People v. Jones* (1975), 60 Ill. 2d 300, 308, 325 N.E.2d 601.) In light of our above finding of sufficient evidence, we find defendant guilty beyond a reasonable doubt of armed robbery based on accountability.

The judgment of the circuit court of Cook County is affirmed.

Affirmed.

JOHNSON, P. J., and ROMITI, J., concur.