740

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* BENARD LEACH, Defendant-Appellant.

Fourth District No. 4—83—0021

Opinion filed August 25, 1983.

Daniel D. Yuhas and Lawrence Bapst, both of State Appellate Defender's Office, of Springfield, for appellant.

James R. Benson, State's Attorney, of Paxton (Robert J. Biderman and Rebecca White, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE MILLER delivered the opinion of the court:

Defendant was convicted of the armed robbery of a gas station in Paxton. He was sentenced to a term of 20 years' imprisonment. He appeals, contending that his conviction must be reversed because the evidence was insufficient to show that he aided and abetted Ennix Blackman in the commission of the offense.

Michael Moynihan testified that he was employed at the Standard Oil gas station near the intersection of Route 9 and Interstate 57 on August 11, 1982. At about 12:45 a.m., a green and white Cadillac pulled into the station. The driver, Ennix Blackman, told Moynihan that his car was overheating and asked Moynihan to check the oil. The driver had a passenger along with him, whom Moynihan identified as the defendant. Both the driver and defendant got out of the car.

Moynihan determined that the Cadillac's radiator was low on wa-

ter. The defendant pulled the car over to the side of the station where the water hose was located. Moynihan filled the car's radiator and closed the hood. Blackman asked Moynihan where the money was kept. Moynihan looked down and saw a revolver in Blackman's hand.

Moynihan gave Blackman a roll of currency approximately $130, which Moynihan had in his pocket. Blackman then forced Moynihan to go back into the back room of the station. He made Moynihan stand in the corner of the room and face the wall. Moynihan heard defendant talking to another man; Moynihan said the other man seemed to be in a hurry. Moynihan heard the front door open and close several times. After five minutes had passed, Blackman ordered Moynihan to lie down on the floor and put his hands behind his back. Blackman tied Moynihan up; the other man kept insisting that he and Blackman should leave. The other man also told Blackman that Moynihan was not tied up well enough.

The two men then left the station and drove away. Moynihan managed to free himself and called the sheriff's office. Moynihan stated that he, Blackman and the defendant were the only persons on the premises when the robbery occurred. Moynihan stated that, in addition to the roll of currency, a television set, a coin changer and some rolled coins and Moynihan's blue jean jacket were also missing after the robbery.

Gary Wisenbarn, an Iroquois County deputy sheriff, testified that he received a radio dispatch from the State police at approximately 12:55 a.m. on August 11, 1982. He proceeded to Interstate 57 near Buckley, where he saw a vehicle fitting the description contained in the dispatch. He followed the vehicle for about five miles until the vehicle pulled to the shoulder of the road. Wisenbarn pulled in behind the vehicle and waited for assistance to arrive. Trooper Ward of the Illinois State Police arrived on the scene a few minutes later.

Wisenbarn and Ward placed Blackman and the defendant under arrest. Wisenbarn saw a large amount of change on the floor on the passenger side of the vehicle and a black-and-white portable television set in the back seat. Officer Ward patted the defendant down and found a number of rolls of change in his pants pocket and some currency in defendant's shirt pocket.

Ennix Blackman testified in defendant's behalf. Blackman admitted robbing the Standard Oil gas station in Paxton on August 11, 1982. He maintained, however, that defendant was asleep during the robbery and did not participate in it in any way. Blackman indicated that defendant awoke after Blackman had gotten back on the highway. At that point, Blackman gave part of the stolen money to the

defendant.

Following closing arguments, the case was submitted to a jury. The jury found defendant guilty of armed robbery. A sentencing hearing was held on January 3, 1983, and defendant was sentenced to a term of 20 years' imprisonment.

Section 5—2 of the Criminal Code of 1961 (Ill. Rev. Stat. 1981, ch. 38, par. 5—2) provides, in pertinent part:

"A person is legally accountable for the conduct of another when:

* * *

(c) Either before or during the commission of an offense, and with the intent to promote or facilitate such commission, he solicits, aids, abets, agrees or attempts to aid, such other person in the planning or commission of the offense."

■ Defendant contends that there is no evidence to support the conclusion that he aided or abetted Ennix Blackman in the armed robbery of the gas station. He maintains that the mere presence of an accused at the scene of the crime does not render the accused accountable under section 5—2. *People v. Evans* (1981), 87 Ill. 2d 77, 429 N.E.2d 520.

In *People v. Dandridge* (1979), 79 Ill. App. 3d 693, 398 N.E.2d 955, the court discussed what proof is necessary to establish the accused's accountability for the offense of armed robbery. The court said:

"In order to establish accountability, the State must prove that the accused solicited, aided, abetted, agreed or attempted to aid another person in the planning or commission of the offense, that such participation occurred either before or during the commission of the offense, and that such participation was with the intent to promote or facilitate the commission of the offense. (See Ill. Rev. Stat. 1975, ch. 38, par. 5—2(c); *People v. Ivy* (1979), 68 Ill. App. 3d 402, 386 N.E.2d 323; *People v. Owens* (1975), 32 Ill. App. 3d 893, 337 N.E.2d 60.) Mere presence at the scene of the crime or negative acquiescence in another's action is insufficient to establish accountability. (*People v. Nugara* (1968), 39 Ill. 2d 482, 236 N.E.2d 693; *People v. Cole* (1977), 50 Ill. App. 3d 133, 365 N.E.2d 133.) One may aid and abet, however, without actively participating in the overt act. (*People v. McConnel* (1977), 48 Ill. App. 3d 355, 362 N.E.2d 1280.) Proof that defendant was present during the commission of a crime without disapproving or opposing the commission of a crime, a continued close affiliation with a co-defendant after

the commission of a crime and a defendant's failure to report the offenses are all factors which may be considered in establishing accountability. *People v. Lopez* (1979), 72 Ill. App. 3d 713, 391 N.E.2d 105." 79 Ill. App. 3d 693, 695, 398 N.E.2d 955, 957.

In *Dandridge*, Milian suggested that he and defendant rob the decedent at a party. Defendant refused the suggestion. A few hours later, Milian told defendant "Let's go," and the pair left the party with the decedent. The three men walked down an alley; Milian pulled out a sawed-off shotgun and ordered decedent to hand over his money. Defendant was about four or five feet behind Milian in the alley. Defendant told Milian to let the decedent go; Milian responded by shooting the decedent in the face. The pair then fled to defendant's girlfriend's apartment and later went to defendant's home.

The court found that defendant was well aware of Milian's predisposition to rob the decedent and that the evidence supported the inference that defendant was a "lookout." Also, defendant remained with Milian for a considerable amount of time following the shooting. The court held that the evidence was sufficient to support a finding of accountability and that the evidence showed defendant to be guilty beyond a reasonable doubt of armed robbery.

Similarly, a verdict of guilty in an armed robbery prosecution based upon defendant's alleged aiding and abetting of the offense was upheld in *People v. Peters* (1975), 33 Ill. App. 3d 296, 337 N.E.2d 725. In that case, the evidence showed that defendant drove others involved in a holdup of a sporting goods store to the scene and waited in the alley with the car's motor running. He also admitted opening the trunk of the car so that his father could put guns, which were stolen from the store, into the trunk. Despite defendant's claim that he was only an innocent bystander and was not involved in the robbery, the court found that the question of accountability presented an issue of fact for the jury to decide. The court stated that the evidence was no so unsatisfactory as to justify a reasonable doubt of guilt.

■ Michael Moynihan testified that both Blackman and the defendant got out of the car. When Moynihan found that the car's radiator was low on water, defendant drove the car to the side of the station. Moynihan testified that, while he was facing the wall in the back room of the station, Blackman spoke with a second man, who was in a hurry to leave the station. Moynihan could not positively identify the second man as the defendant, but he stated that defendant and Blackman were the only two persons on the premises at the time the robbery was committed. Also, when Blackman and the

defendant were arrested, the defendant's pockets contained items which matched the description of a portion of the stolen property.

While no direct evidence was produced at trial to show that defendant aided and abetted Blackman in the armed robbery, there was a significant amount of circumstantial evidence leading to that conclusion. The evidence produced at trial was sufficient to support a finding that defendant was accountable, as an aider and abettor, for the acts of Ennix Blackman. The evidence was not so unsatisfactory or improbable that a reasonable doubt as to the defendant's guilt exists. *People v. Williams* (1982), 93 Ill. 2d 309, 444 N.E.2d 136.

The judgment of the circuit court of Ford County is affirmed.

Affirmed.

WEBBER, P.J., and MILLS, J., concur.