THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DALLAS RICE, Defendant-Appellant.

(No. 55939;

First District—March 27, 1972.

Chester A. Lizak, of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and S. Paul Naselli, Assistant State's Attorneys, of counsel,) for the People.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

After a bench trial, defendant, Dallas Rice, was found guilty of aggravated battery. (Ill. Rev. Stat. 1969, ch. 38, par. 12—4(b) (1).) He was sentenced to the penitentiary for one to four years and appeals. He contends: 1) that the evidence failed to support the conviction; 2) that his right to a speedy trial was violated; 3) that the trial court erred in receiving hearsay evidence and in restricting cross-examination by defendant's counsel and 4) in sentencing defendant without a hearing in aggravation and mitigation. Our view of this appeal requires consideration only of the question regarding hearsay evidence. We will, however, make a statement of the pertinent facts.

This record presents a complete conflict in the evidence. A complaining witness, 17 years old, testified that about midnight, when he was walking with a girl he knew named Patricia McKay, defendant accosted them and shouted to defendant that he wished to speak to the girl. Some words passed between them and defendant then pulled out a knife. The complaining witness had no weapon. Defendant stabbed the complaining witness in the chest and in the area of the left arm. The girl began to scream other persons ran toward them and the defendant ran away.

Defendant, 34 years of age, testified that he had been discharged honorably after some 11 years in the United States Air Force. After having some drinks in a tavern, he went into a restaurant for coffee. When he left, he inquired about a girl who was being removed in a police vehicle. One of the group of young men told him that this was none of his business. Defendant then walked toward his apartment. A number of men then moved toward him but he avoided them and ran

into a tavern. Sometime later, as he approached the door of his home, he was attacked by a group of young men. He attempted to open his front door but the key broke off in the lock. He then drew his knife and attempted to protect himself but was badly beaten and lost consciousness. The broken key was found upon his person by the police. Defendant further testified that the knife was a small pocket knife which he used every day in performing his duties as a shipping supervisor.

There was testimony by a police officer that he saw the defendant being held by a group of citizens and arrested him. One of these unknown persons told the officer that there had been a stabbing "* * * and that this was the defendant." At that time, defendant had lacerations over his eye, which was badly puffed, and he was bleeding profusely. No other witness was called.

As regards defendant's contention concerning hearsay evidence, the police officer testified that he took defendant to the hospital for first aid. As they walked into the emergency room, a young lady jumped up and said, "That's the man that is wanted." Counsel for defendant objected and the judge ruled that the objection was sustained, "* * * at this time." The officer testified that the girl who made this statement was Patricia McKay. The complaining witness had previously testified that she had been in his company. Over renewed objection by defendant, the court then permitted the witness to testify that the young lady stated that defendant "* * * was the gentleman that stabbed the victim."

■■ This testimony regarding the statement made by the young lady was incompetent hearsay. The evidence was offered to show the truth of the matter allegedly asserted by the young lady. Its value rested upon her credibility. Yet, she was not present in court and defendant had no opportunity to cross-examine her. (See Cleary Handbook of Illinois Evidence, Second Edition, Sections 17.1 and 17.2 See also *People v. Carpenter*, 28 Ill.2d 116, 121, 190 N.E.2d 738, and *People v. Ramos*, 112 Ill.App.2d 330, 337, 250 N.E.2d 822.) This testimony was obviously received and relied upon by the court as substantive proof of guilt. The young lady who allegedly made this statement was never produced in court. She would have been an important and even a crucial witness. Counsel for defendant attempted to ascertain her whereabouts and address by cross-examination of the complaining witness and was unable to do so.

■■ We have carefully considered the rule urged by the State that a reviewing court will presume that in a bench trial the judge considered only competent evidence. (*People v. Robinson*, 30 Ill.2d 437, 439, 197 N.E.2d 45.) However, where evidence is presented and objected to and where that objection is overruled and the evidence received, it would

appear of necessity that the evidence entered into and formed a part of the determination made by the trial judge. "The ruling itself indicates that the court thought the evidence proper." (*People v. De Groot*, 108 Ill.App.2d 1, 11, 247 N.E.2d 177. See also *People v. Stewart*, 130 Ill.App. 2d 623, 628, 264 N.E.2d 557, 560.) This is particularly true in the case at bar. Before the identity of the person allegedly making the out-of-court statement was established, the court sustained the defense objection. However, when the identity of the person was made known, the court overruled the same objection and received the evidence. Under the circumstances disclosed by this record, particularly in view of the close and conflicting character of the evidence, this was prejudicial and reversible error. Note the principle stated in *People v. Moretti*, 6 Ill.2d 494, 519, 129 N.E.2d 709.

As stated, we need not consider the remaining contentions raised by defendant. We will, however, point out that the point raised regarding right to a speedy trial is without merit. Since defendant was at liberty on bail, the proper statutory period to be applied was 160 days. See Ill. Rev. Stat. 1969, ch. 38, par. 103—5(b).

The finding and judgment of guilt are accordingly reversed and the cause is remanded for additional proceedings not inconsistent with this opinion.

Judgment reversed and cause remanded with directions.

BURKE and LYONS, JJ., concur.