The People of the State of Illinois, Plaintiff-Appellee, *v.* James R. Owens *et al.,* Defendants-Appellants.

(No. 12554;

Fourth District—October 30, 1975.

James F. McNichols and Daniel D. Yuhas, both of State Appellate Defender's Office, of Springfield, for appellants.

Basil G. Greanias, State's Attorney, of Decatur (Jerry Finney, Assistant State's Attorney, of counsel), for the People.

Mr. PRESIDING JUSTICE SIMKINS delivered the opinion of the court:

Defendants were jointly indicted and tried for murder and armed robbery. Defendant Reed was convicted only of armed robbery. Defendant Owens was convicted of both charges. Owens received a sentence of 75 to 150 years, Reed a sentence of 4 years, 6 months to 15 years.

Defendants raise multiple issues. We find it necessary to consider only two: whether the State proved Reed guilty of armed robbery beyond a reasonable doubt, and whether prejudicial evidence was improperly allowed in evidence against defendant Owens.

These contentions necessitate a review of the evidence. The evidence bearing on Reed's guilt beyond a reasonable doubt is as follows:

On May 24, 1973, Barton Gharrett was shot during the course of an armed robbery of his gas station. He died on July 26, 1973, as a result of the wounds and of complications caused by the wounds. The major prosecution witness was Estil Shelton, a neighbor of Gharrett's. He testi-

fied that on the date in question he was sitting on his picnic table when he heard firecracker-like noises from the direction of a gas station. He heard two sequences of such noises. At the gas station was a car parked beyond the pumps, extending into the street. In the car was a girl with light-colored hair, whom he could not recognize. During the noises she stared straight ahead and made no movement at all. She was sitting in the passenger seat. The witness could not tell whether the windows were up, or the motor running.

During this time Shelton also saw a man inside, near the cash register. The man exited, walking toward the car, and at the same time stuffing something in his pants. The man began running, got in the car and drove off in a hurry. As he was getting in the car the witness saw what appeared to him to be a gun handle in the man's pocket. He identified defendant's car as the vehicle he saw and defendant as the man, Shelton was not able to get a license number.

Numerous other witnesses testified. Basically they reconstructed the course of the investigation. Defendants were arrested approximately 45 minutes after the shooting outside a small town some miles from the gas station.

Defense presented witnesses who testified they observed a car, very unlike defendant's, sitting near the gas station for some time before the shooting. The car contained a man and a blonde woman. Witnesses testified that Owens played pool for money that afternoon. There was impeachment of, and inconsistencies between these witnesses. Reed testified as to her activities, and Owens', during the time period in question. Needless to say, the testimony was that they were not involved in the shooting and robbery, although Reed acknowledged their presence in the area at the approximate time of the incident. Reed denied that Owens had possessed a gun during this time.

■■ In order to convict a person under accountability principles, the State must prove (1) that defendant "solicited, aided, abetted, agreed or attempted to aid another person in the planning or commission of the offenses; (2) that this participation must have taken place either before or during the commission of the offenses; and (3) that it must have been with the concurrent, specific intent to promote or facilitate the commission of the offenses." (*People v. Tillman*, 130 Ill.App.2d 743, 749-750, 265 N.E.2d 904, 909.) Presence at the scene is not culpable and knowledge that the crime is being committed is not such an affirmative act as to constitute aiding or abetting. *People v. Ramirez*, 93 Ill.App.2d 404, 236 N.E.2d 284.

■■ It is apparent that the State has failed to prove Reed guilty beyond a reasonable doubt.

The only testimony concerning Reed's conduct during the offense was that she stared straight ahead, unmoving. This negates the idea that she may have been a lookout. The other evidence goes only to show that she may have lied in an attempt to set up an alibi. A person cannot be held accountable as a principal for actions occurring after the offense.

Defendant Owens contends that a hearsay accusation of defendant by the victim was improperly placed before the jury because of the erroneous ruling by the trial court that defendant's failure to respond to the accusation constituted an admission by silence.

■■ The day after his arrest, defendant was taken to the hospital where Gharrett, the victim, was being treated. A lineup consisting of defendant and four other men was conducted in the hospital room. Gharrett identified Owens as his assailant, both by number and by pointing. Owens remained silent throughout the proceedings. Since the victim obviously could not testify, this identification was hearsay and as such, was inadmissible. (*People v. Rice,* 5 Ill.App.3d 18, 282 N.E.2d 526.) However, the trial court allowed a police officer to testify about these events on the basis that Owens' failure to respond to the accusation was an admission by silence.

Defendant contends that this evidence violates his Fifth Amendment right to remain silent. If it was improper to allow evidence of defendant's silence then, of necessity, the hearsay evidence of the victim's accusation must fall. We hold here that defendant's rights were violated. It is obvious that the admission of this evidence could not have been harmless error and therefore, we must reverse.

■■ Admissions by silence have had a long history in Illinois, but during that time courts have beeen vigilant in their search to ensure its probative value. *People v. Pfanschmidt* (1914), 262 Ill. 411, 104 N.E. 804.

> "* * * an admission may be implied from the conduct of a party charged with a crime who remains silent when one states in his hearing that he was concerned in the commission of the crime, when the statement is made under circumstances which allow an opportunity to him to reply and where a man similiarly situated would ordinarily deny the imputation. [Citations.] It is also true that evidence of this character should be received with great caution and only under proper conditions. Where charges against him are made in the presence of an accused person under circumstances such that he is in no position to deny them, or if his silence is of such character that it does not justify the inference that he should have spoken, or if in any way he is re-

strained from speaking either by fear, doubt of his rights, instructions given him by his attorney or a reasonable belief that it would be better or safer for him if he kept silent, his standing mute does not amount to the admission of the charges against him." *People v. Bennett*, 3 Ill.2d 357, 361, 121 N.E.2d 595, 598.

Evidence of tacit admissions should only be allowed when conditions clearly show admissibility. (*People v. Aughinbaugh*, 36 Ill.2d 320, 223 N.E.2d 117.) Several factors are present in this case which clearly show this evidence was inadmissible.

To begin with, it has been noted that a defendant who has once denied his guilt may reasonably think it useless to continue to do so. (*People v. Bennett*, 413 Ill. 601, 110 N.E.2d 175.) Defendant here had denied his guilt since the moment of arrest.

It has always been the rule in Illinois, that once a defendant has been advised by his lawyer to remain silent, his silence cannot be used against him. In the case at bar defendant's lawyer testified that he had advised defendant to say nothing. This was disputed by the prosecution. If defendant was advised, this clearly would have rendered his silence inadmissible and therefore this should have been decided by the trial court.

■■■ That the court submitted to the jury the issue of whether the defendant was, in fact, advised by his attorney to remain silent, would by itself constitute reversible error since the admissability of evidence is for the court to decide. (*People v. Franklin*, 341 Ill. 499, 173 N.E. 607.) However, this question need never have been reached since *Miranda v. Arizona*, 384 U.S. 436, 16 L.Ed.2d 694, 86 S.Ct. 1602, mandates the conclusion that admission of this evidence violates defendant's constitutional right to remain silent. It is undisputed that defendant was advised by the police several times prior to the lineup of his right to remain silent. Since exercise of that right cannot be probative of guilt, it was error to admit evidence of silence. (*People v. McVet*, 7 Ill.App.3d 381, 287 N.E.2d 479.) This circumstance distinguishes the case at bar from those cited by the State since there was no evidence in those cases defendant was informed of his right to remain silent.

For the reasons stated above, the judgment of conviction of Edith Reed is reversed. The judgment of conviction of James Owens is reversed and remanded for further proceedings in accordance with this opinion.

Judgment of Edith Reed reversed.

Judgment of James Owens reversed and remanded for further proceedings.

TRAPP and GREEN, JJ., concur.