THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* FREDERICK LEE MOSES, JR., Defendant-Appellant.

First District (5th Division)   No. 77-968

Opinion filed April 21, 1978.

James J. Doherty, Public Defender, of Chicago (Suzanne M. Xinos and Marcia B. DeLarue, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger, Iris E. Sholder, and Wendy Paul Billington, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE WILSON delivered the opinion of the court:

Following a bench trial defendant was found guilty of armed robbery and sentenced to serve 4 to 6 years in the penitentiary. The only issue raised on appeal is whether defendant is legally accountable for an armed robbery committed by a companion. We affirm.

At approximately 11 p.m. on November 11, 1974, defendant and his companion, Curvie Fitzpatrick, approached Donald Szeszycki's apartment. Donald was watching television at the time and the door to his apartment was open. Upon hearing footsteps, Donald rose to close the door. Fitzpatrick saw him and asked Donald for directions to a friend's apartment. Donald directed him to an apartment down the hall. Fitzpatrick then hit Donald in the jaw. Donald fell to the floor and Fitzpatrick grabbed him and pushed his way into the apartment. Defendant paused at the doorway and then followed his companion. Fitzpatrick threw the victim onto a couch and, while holding him face down, bound his arms and legs and taped his mouth and eyes.

While lying on the couch the victim heard the defendant and Fitzpatrick discuss which items they should take. Then he felt a knife at his neck. It started cutting. The victim realized his throat was being cut and struggled violently against his bonds. He managed to free an arm and remove the tape from his eyes. Upon removing this blindfold he saw Fitzpatrick on the floor and a kitchen knife near his hand. Defendant was standing on the other side of the room. Defendant thereupon encouraged Fitzpatrick to leave and told the victim not to call the police, threatening to come back if the victim did so. The robbers then fled, each carrying property belonging to the defendant. Among the items taken were a stereo, stereo speakers and two suitcases.

After the robbers left the victim struggled free of his remaining bonds. He left the apartment in search of the police and flagged down a squad car approximately 15 minutes thereafter. He reported the robbery and gave the police descriptions of the robbers. A few minutes later the robbers were arrested four blocks from the victim's apartment. The arresting officers recovered two stereo speakers from Fitzpatrick and the victim's suitcases from defendant. The suitcases contained the victim's stereo.

OPINION

Section 5—2 of the Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, par. 5—2) provides in pertinent part that a person is legally accountable for the conduct of another when:

"(c) Either before or during the commission of an offense, and with the intent to promote or facilitate such commission, he solicits, aids, abets, agrees or attempts to aid, such other person in the planning or commission of the offense."

Defendant contends that the State failed to prove: (1) that any of his acts were done with the specific intent to facilitate the commission of the armed robbery; and (2) that he committed any act which aided or abetted Fitzpatrick in the commission of the offense. He argues that mere presence at the scene is insufficient to support a finding of legal accountability and concludes that he was not proved guilty of armed robbery by way of accountability. We disagree.

■■■ The victim testified that defendant entered the apartment and participated in a discussion with Fitzpatrick over which items they should steal. The victim further testified that immediately after his struggle with the knife wielding Fitzpatrick he saw defendant standing some distance away on the other side of the room. According to the victim, defendant subsequently threatened him and left the apartment carrying items belonging to him. From the circumstances surrounding these actions the trial judge could reasonably find that defendant acted with the intent to facilitate commission of the armed robbery by Fitzpatrick and that he aided Fitzpatrick in the commission of this offense. The court was not required to believe defendant's testimony that he went to the victim's aid when Fitzpatrick attempted to cut the victim's throat or that he did not carry away any of the victim's property when he left the apartment. See *People v. Morrison* (1977), 53 Ill. App. 3d 843, 368 N.E.2d 1325. See generally *People v. Morgan* (1977), 67 Ill. 2d 1, 364 N.E.2d 56; *People v. McConnell* (1977), 48 Ill. App. 3d 355, 362 N.E.2d 1280; *People v. Gates* (1977), 47 Ill. App. 3d 109, 361 N.E.2d 809; *People v. Owens* (1975), 32 Ill. App. 3d 893, 337 N.E.2d 60. See also *People v. Clark* (1963), 30 Ill. 2d 67, 195 N.E.2d 157; *People v. Thomas* (1977), 49 Ill. App. 3d 961, 364 N.E.2d 641; *People v. Duncan* (1977), 49 Ill. App. 3d 461, 364 N.E.2d 478; *People v. Lindsey* (1976), 38 Ill. App. 3d 932, 350 N.E.2d 205.

Accordingly, the judgment of the Circuit Court of Cook County is affirmed.

Affirmed.

SULLIVAN, P. J., and LORENZ, J., concur.