THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
BILLY HOCKADAY, Defendant-Appellant.

Third District   No. 78-95

Opinion filed March 22, 1979.

Robert Agostinelli and Peter A. Carusona, both of State Appellate Defender's Office, of Ottawa, for appellant.

Edward Keefe, State's Attorney, of Rock Island (John X. Breslin and Gerry R. Arnold, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE SCOTT delivered the opinion of the court:

The defendant, Billy Hockaday, after trial by jury in Rock Island County, was found guilty of the crime of burglary and sentenced to a term of imprisonment of not less than one nor more than five years.

The defendant asserts that his constitutional rights were violated when during the course of his trial the prosecutor elicited testimony from a State witness regarding his post-arrest silence.

A brief résumé of the facts is necessary for an understanding of the issue raised by the defendant. On July 29, 1977, a burglary occurred at the White Horse Tavern in Moline. The Moline Police Department responded

to a silent alarm which was triggered at the tavern and upon arrival at the place of business three individuals were observed running out of the front door. A chase ensued and a man identified as the defendant outran an officer; however, approximately 45 minutes later the defendant was located under a bus parked six blocks from the tavern.

During the defendant's trial his sole defense was that he was not responsible for his conduct because he was intoxicated. The State's evidence indicated that the defendant was not intoxicated at the time of the burglary. Several defense witnesses testified that on the day in question the defendant was extremely drunk and that he had consumed approximately 18 cans of beer, one-half quart of Schnapps and one-half quart of whiskey.

An Officer Schmelzer testified for the State that after he found the defendant he advised him of his *Miranda* rights. At this point in the trial, outside the hearing of the jury, the judge warned the prosecutor not to get into the area of the defendant's Fifth Amendment rights. The prosecutor proceeded with the examination of officer Schmelzer again in the presence of the jury and the following colloquy ensued:

"Q. Did the defendant make any exculpatory statement at the police station?
A. No, Sir."

Defense counsel objected to the prosecutor's infringement on the defendant's right to remain silent. Outside the presence of the jury the court admonished the prosecutor for disregarding the court's warning and offered the defendant a mistrial. After discussion with counsel the defendant declined the offer of a mistrial and the court reserved ruling on whether or not it should declare a mistrial. When the jury returned to the courtroom it was instructed to disregard both the complained of question and answer and was further admonished not to take them into consideration in any way in reaching a verdict.

When the trial court immediately offered the defendant a mistrial after the prosecutor's question concerning his silence, counsel for defendant replied:

"* * * the defendant and I do not wish to declare a mistrial and delay the issue any longer on this particular issue. If the court would simply instruct the jury, I believe the prosecutor is aware there wouldn't be any other question like this, I would not request a mistrial."

■■ In addressing ourselves to the issue raised by the defendant we first concur with his contention that the use for impeachment purposes of a defendant's silence at the time of his arrest and after he has received *Miranda* warnings (*Miranda v. Arizona* (1966), 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602) violates his constitutional rights. (See *Doyle v. Ohio*

(1976), 426 U.S. 610, 49 L. Ed. 2d 91, 96 S. Ct. 2240, and *People v. Owens* (1975), 32 Ill. App. 3d 893, 337 N.E.2d 60.) While in the instant case the prosecutor was not cross-examining the defendant, he nevertheless succeeded in making it known to the jury that the defendant did not make any exculpatory statement after his arrest and after he had received the *Miranda* warnings. Testimony to this effect was elicited from an arresting officer. We quarrel not with the defendant's assertion that this time his constitutional rights were violated. The trial judge promptly made such a fact known by offering to him a mistrial.

The offer by the trial court of a mistrial was rejected by the defendant. In examining this rejection we find it to be unambiguous and conditioned upon only one request, that the trial court instruct the jury as to the defendant's right to post-arrest silence. The jury was so instructed, the trial proceeded as we have stated, the jury returned a guilty verdict against the defendant.

■■ ■ We agree with the State that the defendant's rejection of the trial court's offer to declare a mistrial resulted in a waiver by the defendant of any error which arose from the State's elicitation from a prosecution witness that the defendant had not made any exculpatory statement to the police after his apprehension. A defendant in a criminal trial who knowingly waives prejudicial error and then when a jury fails to return a verdict of not guilty should not then be permitted to seek reversal of his conviction based upon the exact error which he waived. To permit such a tactic would create havoc and make the orderly conduct and disposition of criminal trials well-nigh impossible.

A case quite similar to the one which we are now considering is *People v. Griffith* (1978), 56 Ill. App. 3d 747, 372 N.E.2d 404. In *Griffith* the trial court within the presence of a jury asked whether the defendant intended to testify. Counsel for the defendant objected but declined the trial court's offer of a mistrial. On appeal the defendant assigned as reversible error the trial judge's inquiry concerning whether he intended to testify. The reviewing court rejected the issue on appeal and stated:

> "In addition, in declining the court's offer to declare a mistrial, the defendant made a considered decision to waive any claim of error on these grounds and will be required to abide by his choice." (*People v. Griffith* (1978), 56 Ill. App. 3d 747, 753, 372 N.E.2d 404, 409.)

For the reasons set forth the judgment of the circuit court of Rock Island County and the sentence imposed thereon is affirmed.

Affirmed.

ALLOY and BARRY, JJ., concur.