THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* LELON·R. SEABERRY, JR., Defendant-Appellee.

Fifth District   No. 79-591

Opinion filed July 16, 1980.

Clyde L. Kuehn, State's Attorney, of Belleville (Martin N. Ashley and Raymond F. Buckley, Jr., both of State's Attorneys Appellate Service Commission, of counsel), for the People.

David J. Letvin and Jack Carey, both of Cohn, Carr, Korein, Kunin, Schlichter and Brennan, of East St. Louis, for appellee.

Mr. JUSTICE WHITE delivered the opinion of the court:

This is an appeal by the People from an order of the trial court dismissing two traffic complaints issued by a member of the Illinois State Police against the defendant on January 4, 1979. In case No. 79-TR-325 the defendant was charged with driving while under the influence of intoxicating liquor (Ill. Rev. Stat. 1977, ch. 95½, par. 11—501) and in case No. 79-TR-326 he was charged with failure to reduce speed to avoid an accident (Ill. Rev. Stat. 1977, ch. 95½, par. 11—601(a)). The appearance date was set for February 9, 1979, at 9 a.m. by the arresting officer. Prior to the appearance date, the defendant filed the "blue copy" of the complaints with the clerk of the court, pleading not guilty, demanding a trial by jury, and requesting that his appearance date be changed. On January 31, 1979, an entry of appearance and a motion for discovery were filed by his attorney. The case was set for trial by jury on April 25, 1979. On April 24, 1979, defendant filed a motion to compel in case No. 79-TR-325 requesting the court to enter an order compelling the State to furnish defendant with a legible copy of the Illinois State Police alcohol influence report. In case No. 79-TR-326 he filed a motion to continue, requesting a continuance from the April 25, 1979, jury setting because the State's answer to discovery was illegible. Both cases were continued by the trial judge, and reset for trial by jury for June 27, 1979.

On June 27, 1979, the defendant and his attorney appeared, but the State requested a continuance and offered to present evidence to the effect that Dale Gestus, a "lay witness," was physically unable to attend trial because of injuries which occurred in the accident. The arresting

officer was also unavailable. The attorney for the defendant represented to the court that the arresting officer was on vacation. The defendant moved for a dismissal. This motion was denied and the State's motion for continuance was granted in both cases. The trial court stated, "Well, my file indicates that the defendant was also given one sometime back for one reason or another, so I will allow the continuance." The cases were then continued until August 22, 1979. On July 3, 1979, the defendant filed a motion to reconsider in both cases, alleging the continuance granted on June 27, 1979, was contrary to Supreme Court Rules 504 and 505 (Ill. Rev. Stat. 1977, ch. 110A, pars. 504 and 505).

On August 22, 1979, the cases were again called and the State announced ready. The defendant was present, but apparently his attorney was on vacation and did not receive notice. The defendant requested a continuance, and the State concurred therein. The continuance was granted and the case was reset for trial by jury for October 24, 1979.

On October 24, 1979, the motion to reconsider was argued and allowed. The order of the trial court stated, "Further, defendant found not guilty because no complaining witnesses were present to offer any evidence as to the defendant's guilt."

From this order the State has filed a timely appeal presenting two issues for this court's consideration:

(1) Whether the People can appeal from an order purporting to be a finding of not guilty and

(2) Whether Supreme Court Rule 504 and/or 505 compel dismissal of a traffic case for failure of the arresting officer to appear under the facts of this case.

■■ We are of the opinion the State has a right to appeal in this case. It is the constitutional mandate of this State that "after a trial on the merits in a criminal case, there shall be no appeal from a judgment of acquittal." (Ill. Const. 1970, art. VI, §6.) There was never a trial on the merits. The ruling of the trial court on the motion to reconsider had the substantive effect of a dismissal, and the appeal therefrom is controlled by Supreme Court Rule 604(a)(1):

"In criminal cases the State may appeal only from an order or judgment the substantive effect of which results in dismissing a charge for any of the grounds enumerated in section 114—1 of the Code of Criminal Procedure of 1963 * * *." Ill. Rev. Stat. 1977, ch. 110A, par. 604(a)(1).

In *People v. Love* (1968), 39 Ill. 2d 436, 439, our supreme court held:

"However, Rule 604(a) cannot be read in isolation for full understanding but must be considered, in association with the committee comments thereon, with the parent rule (former Rule

27(4)) and with the statutory provision (section 120—1 of the Code of Criminal Procedure) which was superseded by former Rule 27(4)."

Rule 27(4) stated: "In criminal cases the State may appeal only from an order or judgment, the substantive effect of which results in dismissing an indictment, information, or complaint." (Ill. Rev. Stat. 1965, ch. 110, par. 101.27(4).) Defendant argues the State has a right to appeal dismissals only on any ground enumerated in section 114—1 of the Code of Criminal Procedure of 1963, as amended (Ill. Rev. Stat. 1977, ch. 38, par. 114—1). We disagree. The *Love* court held "[t]he State retained the right to appeal in any other case of a judgment the substantive effect of which resulted in the dismissal of an indictment * * *." 39 Ill. 2d 436, 439-40.

The defendant calls our attention to *People v. Alfano* (1980), 78 Ill. 2d 434. In *Alfano* the witnesses for the State testified and their testimony was stricken on motion of the defendant. The State had no other witnesses, a motion for directed verdict was granted and defendant was discharged. *Alfano* is of no help to the defendant. In *Alfano* the court held section 114—1 is not exclusive and there are other grounds on which the State may appeal if the substantive effect of the judgment order is a dismissal. See also *People v. Mears* (1980), 84 Ill. App. 3d 265; *People v. Snyder* (1980), 81 Ill. App. 3d 721; *People v. Martin* (1977), 67 Ill. 2d 462.

We now turn our attention to Rules 504 and 505. Defendant argues that this case is controlled by Rule 504. He further argues that in conformity with Rule 504 the cause should not have been continued on June 27, 1979, because of the failure of the State's witness to appear. A brief review of the history of these rules is illuminating. The rules were promulgated by the Supreme Court on October 26, 1967, effective January 1, 1968.

"504. (Supreme Court Rule 504). Appearance date

The date set by the arresting officer for a defendant's appearance in court shall be not less than 10 days but within 45 days after the date of arrest, whenever practicable. It is the policy of this Court that an accused who appears and pleads 'not guilty' to an alleged traffic or conservation offense, should be granted a trial on the merits on the appearance date set by the arresting officer. Except as provided in rule 505, an arresting officer's failure to appear on that date, in and of itself, shall not normally be considered good cause for a continuance." (Ill. Rev. Stat. 1969, ch. 110A, par. 504).

"505. (Supreme Court Rule 505). State Highway Police-Notice to offenders

When issuing a traffic ticket, conservation ticket or Notice to Appear in lieu of either, in counties other than Cook, Illinois State

Highway Police shall also issue written notice to the accused in substantially the following form:

## AVOID MULTIPLE COURT APPEARANCES

If you intend to plead "not guilty" to this charge, or if, in addition, you intend to demand a trial by jury, so notify the clerk of the court at least 5 days (excluding Saturdays, Sundays or holidays) before the day set for your appearance. (Address specified on the reverse of this notice).

A new appearance date will be set, and arrangements will be made to have the arresting officer present on that new date.

Failure to notify the clerk of either your intention to plead "not guilty" or your intention to demand a jury trial, may result in your having to return to court, if you plead "not guilty" on the date originally set for your court appearance.

(     ) I intend to plead "not guilty"

(     ) I intend to demand a jury trial

Upon timely receipt of notice that the accused intends to plead "not guilty", the clerk shall set a new appearance date not less than 7 days nor more than 49 days after the original appearance date set by the arresting officer, and notify all parties of the new date and the time for appearance. If the accused fails to notify the clerk as provided above, the arresting officer's failure to appear on that date originally set for appearance may, in counties other than Cook, be considered good cause for a continuance." Ill. Rev. Stat. 1969, ch. 110A, par. 505.

The wording of Rule 504 has not been amended by the supreme court, except to strike the word "defendant" and substitute "accused" effective April 1, 1977 (Ill. Rev. Stat. 1977, ch. 110A, par. 504), in counties other than Cook, while Rule 505 has had significant amendments.

The first amendment became effective October 7, 1970, and it merely eliminated

"(     ) I intend to plead 'not guilty'

(     ) I intend to demand a jury trial"

from the written notice to be given to the accused by the Illinois State Highway Police. Ill. Rev. Stat. 1971, ch. 110A, par. 505.

The supreme court made several amendments to Rule 505 that became effective, in counties other than Cook, on April 1, 1977.

"Illinois State Highway Police" was stricken from the Rule and in lieu thereof the word "officer" was substituted. In *City of Belleville v. Watts*

(1978), 61 Ill. App. 3d 538, this court held, under Rule 504, where the arresting officer was a municipal officer, the accused was entitled to a hearing on the first appearance. In *Watts* the arrest was made on March 6, 1977, and the first appearance date was March 24, 1977. The accused appeared and demanded a trial on the merits, the arresting officer was not present, the accused moved for a dismissal, which was denied. At a subsequent hearing defendant was found guilty.

*Watts* was recently followed in *People v. Snyder* (1980), 81 Ill. App. 3d 721. The defendant, Snyder, pleaded not guilty and arraignment was set for November 21, 1978. When the defendant failed to appear on that day, the cause was rescheduled for December 19, 1978. At that time the defendant appeared with counsel and was prepared to proceed with the trial, but the trial court merely arraigned him; the defendant was ordered to appear at a pretrial conference on January 5, 1979. A motion for a change of judge was allowed, and the cause was then scheduled for May 8, 1979, and then moved to May 29, 1979, on the court's own motion. The court then granted the State's motion for a continuance to July 6, 1979, the State moved for another continuance as the arresting officer, under subpoena, did not appear because he was sick. Defendant moved for a dismissal which was allowed. The *Snyder* court held Rule 504 applied. This court recently held, after the aforesaid amendment to Rule 505, that the accused's right to a trial at the first appearance is governed by Rule 505 and not Rule 504, in effect ending the applicability of *Watts*. *People v. Mears*. See also *People v. Brookbank* (1979), 79 Ill. App. 3d 412.

The second amendment to Rule 505 concerned trial by jury. The court added the following language: "If the accused demands a trial by jury, the trial shall be scheduled within the time prescribed by section 103—5 of the Code of Criminal Procedure of 1963, as amended. (Ill. Rev. Stat. 1975, ch. 38, par. 103—5)." (Ill. Rev. Stat. 1977, ch. 110A, par. 505.) This amendment apparently came about as a result of the case of *People v. Ware* (1976), 41 Ill. App. 3d 902. In the *Ware* case, an attorney filed an appearance on behalf of the defendant and at the first court appearance defendant pleaded not guilty and demanded a trial by jury which was held more than two years later. The court held Rule 504 speaks generally of the "court's policy" etc., but really gives way to Rule 505 where, as here, the arrest is made by a State Police Officer "in counties other than Cook." The court further held Rule 504 was not activated in the *Ware* case.

The third amendment to Rule 505 added the following language: "Any State agency or any unit of government desiring to be exempt from the requirements of this Rule 505 may apply to the Conference of Chief Circuit Judges for an exemption." Ill. Rev. Stat. 1977, ch. 110A, par. 505.

By striking the words "Illinois State Highway Police" and substituting the word "officer," Rule 505 now applies to all arrests unless an exemption has been applied for and granted by the Conference of Chief Circuit Judges.

■■ This court recently held in *People v. Mears* that if the defendant pleads not guilty but does not request a jury trial, he has a right to trial within 49 days after the original appearance date set by the arresting officer. We are called upon in the present case to interpret Rule 505 when the defendant pleads not guilty and requests a trial by jury. The language in the rule is clear and concise:

> "If the accused demands a trial by jury, the trial shall be scheduled within the time prescribed by section 103—5 of the Code of Criminal Procedure of 1963, as amended (Ill. Rev. Stat. 1975, ch. 38, par. 103—5)." Ill. Rev. Stat. 1977, ch. 110A, par. 505.

The defendant by requesting a jury trial activated section 103—5(b):

> "Every person on bail or recognizance shall be tried by the court having jurisdiction within 160 days from the date defendant demands trial unless delay is occasioned by the defendant * * *." Ill. Rev. Stat. 1977, ch. 38, par. 103—5(b).

The defendant was at liberty on bail; therefore the proper statutory period to be applied was 160 days. *People v. Rice* (1972), 5 Ill. App. 3d 18.

The trial court apparently was laboring under the misapprehension that Rule 504 required a dismissal in this case when he allowed the defendant's Motion to Reconsider. Since Rule 504 was never applicable to the facts of this case, the court erred in dismissing this case.

Accordingly, we reverse the order entered by the trial court and remand for further proceedings.

Reversed and remanded.

JONES, P. J., and HARRISON, J., concur.