HELMUT P. CARLSEN, Plaintiff-Appellant, v. THE VILLAGE OF OAKWOOD HILLS *et al.*, Defendants-Appellees.

Second District   No. 2—87—0295

Opinion filed December 29, 1987.

Janice Metros Johnston, of Crystal Lake, for appellant.

Sarah Hansen Sotos, of Judge & Knight, Ltd., of Park Ridge (Elizabeth A. Brown, of counsel), for appellees Village of Oakwood Hills and Donna Stefani.

Kell, Nuelle & Loizzo, of Woodstock (Thomas F. Loizzo, of counsel), for appellee Thaddeus Dzierzbicki.

JUSTICE INGLIS delivered the opinion of the court:

This appeal arises from an order of the trial court entered on defendants' motion to dismiss, dismissing count III of plaintiff's complaint for malicious prosecution. The trial court determined that plaintiff's complaint failed to state a cause of action since the attempted criminal prosecution underlying plaintiff's complaint was not terminated in a manner indicative of plaintiff's innocence. We affirm.

On August 1, 1982, plaintiff, Helmut P. Carlsen, was involved in an altercation with Thaddeus Dzierzbicki, a police officer with the Village of Oakwood Hills (village). On August 2, 1982, Dzierzbicki swore out two complaints against plaintiff, charging plaintiff with resisting a peace officer and battery. Plaintiff was arrested and subsequently released on bail pending trial.

On March 15, 1983, prior to trial, the State sought to amend the complaint charging plaintiff with battery. The initial complaint charged plaintiff with committing battery by knowingly causing bodily harm without legal justification. The State sought to amend the complaint so that it charged plaintiff with committing battery by knowingly making physical contact of a provoking nature without legal justification. Both types of conduct constitute battery pursuant to section 12—3(a) of the Criminal Code of 1961 (Ill. Rev. Stat. 1985, ch. 38, par. 12—3(a)). The trial court denied the State's motion, and the State subsequently nol-prossed both charges.

On March 16, 1983, Dzierzbicki again swore out two complaints against plaintiff, charging plaintiff with resisting a peace officer and battery. The complaint charging plaintiff with resisting a peace officer was identical to the one dismissed the day before. The complaint charging plaintiff with battery was different from its predecessor complaint in that it incorporated the language which the State had unsuccessfully attempted to include by amendment the previous day.

On April 11, 1983, prior to trial, plaintiff filed a motion to dismiss the new charges. Plaintiff's motion alleged that the State's refiling of charges against plaintiff was intended to circumvent the court's previous order denying the State leave to amend the battery charge, and further alleged that the charges had no merit. Plaintiff's motion

sought dismissal of both charges and requested a finding of not guilty. Plaintiff's contested motion was heard on April 19, 1983. The trial court allowed plaintiff's motion and entered the following order:

"This cause, coming to be heard upon the motion of the defendant to dismiss the above-entitled causes of action and for a finding of not guilty on both charges and the Court being advised in the premises:

Now Therefore It Is Hereby Ordered that the motion of the defendant be granted and said causes are hereby dismissed and the defendant is found to be not guilty."

On September 16, 1983, plaintiff brought the instant action against the village, Dzierzbicki, and village police officer Donna Stefani. Plaintiff filed his second amended complaint on March 28, 1984. Count III of plaintiff's second amended complaint was directed against the village and Dzierzbicki and alleged a cause of action for malicious prosecution relating to the previously dismissed criminal complaints.

On March 16, 1987, the scheduled day of trial, the village filed a motion to dismiss count III of plaintiff's second amended complaint pursuant to section 2—615(e) of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—615(e)). Plaintiff's counsel objected to the timeliness of the filing of the motion on the basis that he had just received a copy of the motion that morning. The trial court granted a recess permitting plaintiff to prepare a response. The court heard oral argument on the village's motion that afternoon. At that time, Dzierzbicki joined in the village's motion. After hearing, the trial court granted defendants' motion to dismiss count III, stating:

"I'm going to hold the Judge Holmer [*sic*] order on finding not guilty invalid. You can make that a point on appeal or something. But that's they [*sic*] way I'm going to go.

Logically from that has to flow that Count III is dismissed or enter judgment on the pleadings."

On March 20, 1987, the trial court entered a written order in accordance with its oral finding. That order provided in pertinent part:

"1. That Count III of plaintiff's Second Amended Complaint is substantially unsufficient [*sic*] in law and fails to state a cause of action;

2. That, as a matter of law, criminal judicial proceedings commenced against the plaintiff, which were numbered 83 CM 362 and 83 CM 363 in the Circuit Court of McHenry County, Illinois, were not terminated in a manner indicative of plaintiff's innocence;

3. That the presiding judge who terminated the criminal judicial proceedings, stated aforesaid in the proceeding [*sic*] paragraph, lacked authority to find [plaintiff] not guilty without evidentiary hearing in the order dated April 19, 1983."

The order further provided "that there is no just reason for delaying enforcement or appeal of the final judgment for defendant on count III of plaintiff's second amended complaint." Plaintiff brought this timely appeal.

This case comes before this court on the trial court's grant of defendants' motion for judgment on the pleadings. A motion for judgment on the pleadings admits all facts well pleaded as true (*Fitzgerald v. Chicago Title & Trust Co.* (1978), 72 Ill. 2d 179, 187) and submits to the court a question of law as to whether or not there is an issue of fact to be tried (*Pollack v. Marathon Oil Co.* (1976), 34 Ill. App. 3d 861, 867). Such a motion may be addressed to a complaint which is insufficient as a matter of law to state a cause of action. (34 Ill. App. 3d at 867.) The legal sufficiency of a complaint is tested by ascertaining whether the essential elements of a cause of action are alleged. *Beese v. National Bank* (1980), 82 Ill. App. 3d 932, 933.

This is an action for malicious prosecution. To state a cause of action for malicious prosecution plaintiff must allege facts showing (1) the commencement or continuance of a criminal or civil judicial proceeding by the defendant; (2) a *termination of that proceeding in favor of the plaintiff*; (3) the absence of probable cause for the proceeding; (4) the presence of malice; and (5) damages to plaintiff resulting from the commencement or continuance of that proceeding. (*Joiner v. Benton Community Bank* (1980), 82 Ill. 2d 40, 45.) In the instant action, the trial court determined that count III of plaintiff's complaint failed to allege that the underlying judicial proceedings were terminated in his favor.

While the plaintiff in a malicious prosecution case must allege facts which show that the underlying judicial proceeding was terminated in his favor, where the underlying proceeding was criminal in nature, it is not essential that there have been a trial and verdict of acquittal upon the charge involved. (*Rich v. Baldwin* (1985), 133 Ill. App. 3d 712, 714.) Rather, the underlying criminal proceeding must have been *terminated in a manner indicative of the innocence of the accused.* (*Joiner v. Benton Community Bank* (1980), 82 Ill. 2d 40, 45; *Rich v. Baldwin* (1985), 133 Ill. App. 3d 712, 714.) Therefore, the issue presented to this court is whether plaintiff's allegation that the underlying criminal proceedings were dismissed and he was found "not guilty" is sufficient to satisfy the element that the underlying

proceeding was terminated in a manner indicative of plaintiff's innocence.

Plaintiff contends that the trial court erred when it decided as a matter of law that the underlying criminal proceedings were not terminated in a manner indicative of plaintiff's innocence. We disagree.

■ The import of the words "not guilty" accompanying an order for dismissal of criminal charges was considered in *People v. Seaberry* (1980), 86 Ill. App. 3d 369. In *Seaberry*, the defendant moved for dismissal of criminal charges when the State appeared for trial and sought a continuance. The defendant's motion was denied, and the defendant subsequently moved for reconsideration. (86 Ill. App. 3d at 371.) After a hearing on the motion to reconsider, the court allowed the defendant's motion and entered an order which stated, " '[f]urther, defendant found not guilty because no complaining witnesses were present to offer any evidence as to the defendant's guilt.' " (86 Ill. App. 3d at 371.) In considering whether the State could appeal from that trial court's order, the appellate court noted that there had not been a trial on the merits and held that the ruling of the trial court on the motion to reconsider had the *"substantive effect of a dismissal."* (Emphasis added.) (86 Ill. App. 3d at 371.) The *Seaberry* court went on to discuss the State's right to appeal dismissal orders; however, its earlier conclusion that a dismissal order incorporating a finding of "not guilty" merely has the substantive effect of a *dismissal* instructs us that the mere use of the words "not guilty" cannot be a sufficient allegation of a termination indicative of innocence. (See 86 Ill. App. 3d at 371; see also *People v. Deems* (1980), 81 Ill. 2d 384, 388 (wherein the court stated that "the word 'acquittal' 'has no talismanic quality for purposes of the Double Jeopardy Clause' "); *People v. Verstat* (1983), 112 Ill. App. 3d 90, 96 (wherein the court stated that "the fact that the trial court denominates its action as an 'acquittal' is not controlling for the purposes of deciding whether the judgment is actually a nonappealable acquittal or merely an appealable dismissal").) Such a conclusive meaning should not be placed on the mere words "not guilty" without looking at the context in which those words were uttered or written. The merits of a case were never meant to be decided within the vacuum of a motion to dismiss. *People v. Rose* (1976), 44 Ill. App. 3d 333, 338.

By holding in this manner we are not saying that an adjudication and acquittal on the *merits* in a criminal proceeding is necessary to establish a termination indicative of plaintiff's innocence. (See *Rich v. Baldwin* (1985), 133 Ill. App. 3d 712, 714.) We note that plaintiffs have been permitted to maintain actions for malicious prosecution

where the underlying criminal proceedings did not reach an acquittal on the *merits*. (See *Gilbert v. Emmons* (1866), 42 Ill. 146, 150-51 (dismissal of underlying criminal charge upon failure of the grand jury to return a true bill); *Rich v. Baldwin* (1985), 133 Ill. App. 3d 712, 719 (dismissal of underlying criminal charge on speedy-trial grounds); *Reell v. Petritz* (1922), 224 Ill. App. 65, 76 (dismissal of underlying criminal charge on the motion of the prosecutor); *Farris v. Messimore* (1920), 219 Ill. App. 582, 587 (dismissal of underlying criminal charge by justice of the peace upon failure of the complaining witness to appear).) However, in the most recent supreme court decision concerning actions for malicious prosecution, the court held that where the dismissal of a criminal charge is procured or agreed to by a plaintiff in a manner which *leaves the question of his innocence unresolved*, the plaintiff may not bring a malicious prosecution action based upon those criminal charges. (*Joiner v. Benton Community Bank* (1980), 82 Ill. 2d 40, 45.) In *Joiner*, the plaintiff was charged in the underlying criminal proceeding with theft. (82 Ill. 2d at 42.) After the plaintiff made full restitution, the prosecutor moved to dismiss the criminal charges against the plaintiff at the request of the complaining witness, and the court allowed that motion. (82 Ill. 2d at 42.) Thereafter, the plaintiff filed a complaint for malicious prosecution. (82 Ill. 2d at 42.) Holding that the question of the plaintiff's innocence in the underlying criminal prosecution was left unresolved, the court noted that by entering into or procuring a compromise or an agreement for dismissal of the charges against him, the plaintiff admitted the existence of probable cause and could not be allowed to later deny that such cause existed by bringing a civil action. (82 Ill. 2d at 46.) The court characterized the crucial question as whether there was a compromise or agreement procured or consented to by plaintiff. 82 Ill. 2d at 46.

In the instant action, there was no agreement between plaintiff and the State which resulted in the underlying criminal charges against plaintiff being dismissed. In fact, plaintiff's motion to dismiss the criminal charges against him was contested by the State. Similarly, in *Rich v. Baldwin* (1985), 133 Ill. App. 3d 712, 713, relied on heavily by plaintiff, the criminal proceeding underlying the plaintiff's action for malicious prosecution was dismissed on the plaintiff's motion which alleged a violation of his right to a speedy trial. Like the instant case, the malicious prosecution action in *Rich* was dismissed when the trial court found as a matter of law that there had been " 'no final factual determination in favor of the plaintiff' " in the underlying criminal proceeding. (133 Ill. App. 3d at 713.) On appeal,

the *Rich* court reversed, holding that the State's failure to bring the underlying criminal proceeding to a speedy trial logically indicated a lack of probable cause for initiating the criminal prosecution, and, therefore, was *indicative of the plaintiff's innocence* on those charges. (133 Ill. App. 3d at 719.) The *Rich* court distinguished *Joiner*, noting that in *Joiner* the dismissal was procured by the plaintiff "in a way indicating guilt of the crime charged," while in the case before it, although the dismissal was obtained on plaintiff's motion, it was done "as a matter of right." 133 Ill. App. 3d at 715.

Plaintiff argues that just as the dismissal of criminal charges for failure to prosecute within proscribed time limits is a matter of right and indicative of innocence, so is the dismissal in the instant case. We have reservations regarding the correctness of the ultimate disposition reached by the *Rich* court. However, in examining the reasoning behind the *Rich* decision, it appears that plaintiff's reliance on that case is misplaced. In holding that a dismissal on speedy trial grounds is a termination in favor of the plaintiff for purposes of stating a cause of action for malicious prosecution, the *Rich* court recognized that a dismissal on speedy trial grounds, while not an adjudication on the merits, may nonetheless be said to *"reflect* on the merits in that it *implies a lack of reasonable grounds for prosecution on the criminal charge."* (Emphasis added.) (133 Ill. App. 3d at 717.) The court focused on the prosecutor's unexcused and unexplained failure to proceed to trial on the merits, and equated that inaction with a lack of reasonable grounds to proceed. (133 Ill. App. 3d at 717.) Thus, the court determined that the dismissal of criminal charges as a matter of right based on the inaction of the prosecutor raised an inference that the prosecutor lacked reasonable grounds to prosecute and could not be deemed an " 'indecisive' " termination. 133 Ill. App. 3d at 718.

■■ In the instant action, while plaintiff moved to dismiss the criminal charges pending against him as a matter of right, that dismissal, unlike the dismissal in *Rich*, cannot be said to raise an inference that there were not reasonable grounds or probable cause to prosecute. The record indicates that the conduct giving rise to the criminal charges against plaintiff occurred on August 1, 1982. The initial criminal complaints were sworn out on August 2, 1982, one day after the incident giving rise to those complaints. On March 15, 1983, after extensive discovery, a substitution of attorneys, and a State-requested continuance, those cases came to trial, at which time the State sought to amend one of the charges. The State nol-prossed both charges after the trial court denied its motion to amend, and new complaints were immediately issued. Plaintiff's motion to dismiss

these charges alleged that the State had no intention of prosecuting him, but rather only sought to harass him. Plaintiff further argued that by nol-prossing the initial charges after the court denied the State leave to amend, and then refiling the charges with the amendment, the State was attempting to circumvent the trial court's order prohibiting the amendment. The record does not contain the transcript from the hearing on plaintiff's motion to dismiss, and the written order entered by the trial judge in those proceedings does not state the basis for allowing plaintiff's motion. Although the court allowed plaintiff's motion to dismiss, to say that such a dismissal is indicative of the innocence of the accused, the court would have to conclude that the State's conduct compels an inference that there were not reasonable grounds to bring the charges. We decline to make such an inference.

A similar argument was made and rejected in *People v. Verstat* (1983), 112 Ill. App. 3d 90. In *Verstat*, the State appealed from judgments of "acquittal" of 11 defendants who were charged separately with various misdemeanors and traffic offenses. (112 Ill. App. 3d at 91.) In most of the 11 cases, the trial court denied the State's motions for continuance and to nol-pros the charges and proceeded to swear in the defendants, ask them several questions, and then find them "not guilty." (112 Ill. App. 3d at 91-95.) However, in several of the cases, the State did not move for continuance, but rather simply sought to nol-pros the charges. In those cases, the trial court denied the motions to nol-pros on the basis that they were simply an attempt to circumvent the anticipated denial of a motion for continuance. (112 Ill. App. 3d at 93-95.) On appeal, this court determined that the " 'trials' " in all 11 cases were "shams"; each an "artifice employed by the trial judge to achieve the result of a dismissal with prejudice for want of prosecution." (112 Ill. App. 3d at 97.) The court then proceeded to review each case to determine whether the trial court abused its discretion in denying the State's motions for continuance and to nol-pros. (112 Ill. App. 3d at 98-102.) With respect to those cases in which the State only sought to nol-pros the charges, this court, although noting that the action was "obviously" a "tactical maneuver" designed to circumvent an anticipated denial of a motion for continuance (112 Ill. App. 3d at 102), nonetheless determined that the trial court's action was improper (112 Ill. App. 3d at 105). The court noted that the State may enter a *nolle prosequi* with the approval of the trial court, and the effect of such a dismissal, if entered before jeopardy attaches, does not operate as an acquittal so as to prevent a subsequent prosecution for the same offense. (112 Ill. App. 3d at 103.)

Noting that a trial court has inherent contempt powers for willful violations of its orders, the court concluded that a trial court's discretion to deny a State request to nol-pros is limited to situations where the State's actions are capriciously or vexatiously repetitious. 112 Ill. App. 3d at 104-05.

■ In the instant case, the criminal trial court apparently determined that the State's action of nol-prossing the criminal charges and refiling them the following day with an amendment which was previously disallowed by the court was an attempt to circumvent that court's order. As illustrated by *Verstat*, such a conclusion does not justify a dismissal and "acquittal." (See 112 Ill. App. 3d at 104-05.) There is nothing in the record to indicate that the State's actions were capriciously or vexatiously repetitious. If the court thought that the State's conduct was merely an attempt to circumvent its previous order, it could have exercised its willful contempt powers. While we are mindful that this court is not reviewing the denial of a motion to nol-pros, these principles are important in our determination of whether the criminal court's action was a termination indicative of plaintiff's innocence. Since the criminal court dismissed the charges and found plaintiff "not guilty" after apparently concluding that the State's action was an attempt to circumvent a prior order, and as a dismissal and "acquittal" under those circumstances were improper, plaintiff's bare allegations of dismissal and acquittal are not sufficient to show that the underlying criminal proceedings were terminated in a manner indicative of plaintiff's innocence. The dismissal and "acquittal" in this case do not compel an inference that the State lacked reasonable grounds to prosecute and cannot be said to *reflect* on the merits such that the termination is indicative of plaintiff's innocence.

Plaintiff also challenges the trial court's ruling on several procedural grounds. Chief among these additional grounds is plaintiff's assertion that the trial court erred in hearing defendants' motion since plaintiff was served with that motion on the morning of trial. We disagree.

In *Schlenz v. Castle* (1985), 132 Ill. App. 3d 993, 1014, the plaintiffs similarly challenged the notice received regarding the defendants' intent to request a ruling on a previously filed motion to dismiss. In that case, notice that the motion was going to be heard was served less than 17 hours prior to the hearing date. (132 Ill. App. 3d at 1014.) This court found the plaintiffs' argument to be without merit, noting that the plaintiffs appeared and argued the merits of the motion, and, therefore, waived any defect in the notice. (132 Ill. App. 3d at 1014.) We recognize that *Schlenz* is slightly distinguishable

from the instant action in that the plaintiffs in that case did not allege actual prejudice, and none was evident since the motion had been *filed* almost eight months earlier. (132 Ill. App. 3d at 1014.) However, this court also addressed the lack of notice issue in *Hargrove v. Gerill Corp.* (1984), 124 Ill. App. 3d 924. In that case, the motion was filed only 24 hours prior to hearing. (124 Ill. App. 3d at 929.) This court stated that "[w]ith regard to the lack of notice, plaintiffs' counsel observed that there had been improper notice, but indicated a willingness to go ahead with the hearing that day." 124 Ill. App. 3d at 929.

In the instant action, plaintiff's counsel initially objected to the timeliness of the filing of the motion to dismiss on the basis that he had just received a copy of the motion that morning. The trial court granted a recess so that the court and plaintiff could review the motion and so that plaintiff could prepare a response. Plaintiff did not renew his objection for lack of notice when court resumed. On the contrary, plaintiff took part in a spirited argument which included citation of authority. Plaintiff, having demonstrated his willingness to proceed with the hearing on the motion that day, should not now be heard to challenge the adverse effect of his decision, especially in light of the fact that he was given a three-hour recess to research the issues that would be presented and competently argued the case law at that hearing.

We have considered plaintiff's remaining arguments and believe them to be equally without merit. However, as a final matter, we note that plaintiff has filed a motion with this court to strike a portion of defendants' brief. Plaintiff states that the argument sought to be stricken is being raised for the first time on appeal. A review of the record reveals that at no point in the trial proceedings did defendants raise the argument in controversy. Nonetheless, in view of our disposition above, we need not reach the merits of defendants' argument; therefore, plaintiff's motion to strike is granted.

Accordingly, we affirm the trial court's decision dismissing count III of plaintiff's complaint for failure to state a cause of action on the basis that the criminal proceedings underlying this case were not terminated in a manner indicative of plaintiff's innocence as a matter of law.

Affirmed.

UNVERZAGT and NASH, JJ., concur.